## HENDERSON v. MABRY.

1. When the facts are clear, and undisputed, the court may charge directly upon them, without hypothesis; and where the question is, whether the fact that there was no change of the possession, after an absolute sale of personal property, has been sufficiently explained, so as to repel the inference of fraud, may instruct the jury, that the facts, if true, do afford such explanation.
2. A school master, with boarders in his house, and whose wife was in feeble health, being deeply embarrassed, sold five slaves for their full value, the money to be paid to the creditors of the vendor, with an agreement, that one of the slaves should remain in the family of the vendor, until the end of the year, she being the cook, and the only servant remaining after the sale. Held, that these facts, sufficiently repelled the inference of fraud, arising from the retention of the possession after the sale.

Error to the Circuit Court of Dallas. Before the Hon. E. Pickens.

THE facts of the case sufficiently appear from the opinion of the court.

W. H. FELLOWS and N. S. GRAHAM, for plaintiff in error.

The sale in this case has all the usual badges of a legal fraud.

1. A debtor in failing circumstances conveys all his property to his relation for a consideration to be paid; and after the sale, which is absolute on its face, retains the possession. And the fact that specie was demanded on an execution, is a prominent inducement to the sale. The sale also was secret. Hobbs v. Bibb, 2 Stew. 54; Ayres v. Moore, Id. 336; Borland v. Walker, 7 Ala. R. 277; P. & M. Bank v. Borland, 5 Ala. R. 531, 549; Borland v. Mayo, 8 Ala. R. 105; Ibid. 114, 115.

2. The special circumstances in evidence were not suffi-

cient to rebut the presumption of fraud. Borland v. Mayo, 8 Ala. 105, 106, and 115; Hanford v. Artcher, 4 Hill's N. Y. R. 282, 283, per Walworth, chancellor; Butler v. Van Wyck, 1 Hill's N. Y. R. 440, per Cowan, J.; Ibid. 450, 451, 456, per Bronson, J.; 43 vol. Law Lib. p. 40 to 60.

3. A sale void *ab initio* for fraud, cannot acquire validity against creditors by a subsequent payment of more than the amount stipulated. Borland v. Mayo, 8 Ala. 115, 116. One of the rebutting circumstances was impossible to be true.

J. W. LAPSLEY, for defendant in error.

The defendant in error makes the following points. The questions arise on the bill of exceptions:

1. It is shown by the proof that the sale was fair and *bona fide* and for full consideration; and was not made for the purpose of defrauding or delaying creditors; therefore there is no presumption of fraud to explain. Borland v. Walker, 7 Ala. R. 278; Terrell v. Green, 11 Ala. R. 210.

2. Moreover, this was not an absolute sale, though called so by the witness, who proves the contract and terms of sale; that is, the sale was not absolute as respects the negro woman in controversy, for it is shown that it was a condition of the sale, and one of the terms, that the negro woman should continue in the possession of the vendor until January, when the possession was delivered. The continuance of the possession by the vendor until the end of the year, was therefore consistent with the terms of the sale. The contract was not consummated by delivery until January next after the sale; and this creditor having obtained no lien prior to that time, the sale is good against him.

3. It is shown that the creditors received the full benefit of the sale; that the negroes brought their full value; that all the proceeds of the sale went to the creditors, and so far from the sale being made for the hindrance and delay of creditors, it was expressly for their benefit, or such of them as the vendor preferred to have first paid; that the object of the sale was to discharge and satisfy as great an amount of the vendor's debts as possible. These facts appear from the proof set out in the bill of exceptions; and all go positively and

expressly to negative the idea of fraud, either actual or constructive.

4. But if the sale was absolute, and if any ground existed for the presumption of fraud from the fact that the woman remained in the possession of the vendor for a few months after the contract; the explanatory circumstances were, it is believed, beyond all question, sufficient to account for the non-delivery of the woman. It would be difficult, it seems to us, to imagine a case in which the continuance of possession after sale could be more reasonably and properly accounted for than was done in this case as shown by the proof set out in the bill of exceptions. Blocker v. Burness, 2 Ala. R. 354; Ravesies v. Alston, 5 Ala. R. 297; Terry v. Belcher, 1 Bailey's R. 568.

CHILTON, J.—In this case, there is no controversy as to the facts. But one witness, so far as we are advised by the bill of exceptions, was examined, and he, being the defendant in the attachment, and rendered incompetent to testify under the statute of this State, was permitted to give evidence by the consent of the respective parties. The charge of the court, which was excepted to, was, that the possession of the property in controversy, by the vendor after an absolute sale, was fraudulent as to creditors, but that the special circumstances in evidence before the jury, if true, were sufficient to rebut the presumption of fraud. This charge, had there been a conflict of proof upon the question of fraud, would perhaps have been improper, inasmuch as its effect would have been to withdraw from the consideration of the jury the weight and credibility of the doubtful, or conflicting proof. See Boyd & Macon v. McIvor, 11 Ala. Rep. 822. But as we have before stated, the proof was not of this character. The facts were clear and undisputed, and in such case it is proper that the court charge directly upon them, and give the law of the case as applicable to them, without hypothesis. In the case before us, the facts being ascertained, the question whether there was or was not fraud in the sale by the defendant in the attachment to the defendant in error, was a pure question of law, and the circuit court properly so regarded it. The question then occurs upon the charge

whether the peculiar circumstances shown by the witness,
explaining the retention of the possession by the vendor, was
sufficient to rebut the presumption of fraud arising out of
that' fact.   To test its propriety, let us recur to the facts as
stated in the bill of exceptions, which are briefly these :  The
defendant in the attachment owned five slaves—was largely
involved in debt beyond his means of payment, one execu-
tion being then in the hands of the sheriff for $550, upon
which specie was demanded.   He was by occupation a school
teacher, and had a number of scholars boarding at his house,
his wife being in very feeble health, and her otherwise deli-
cate condition requiring the aid of some domestic assistance.
Under these circumstances, he made an absolute sale of said
slaves for the price of $2,200, which is shown to have been
their full value, to the claimant, who was his uncle, and to
one Goodman.   That the money was not to be paid to the
defendant in the attachment, but the purchasers were first to
extinguish the lien for the $550, and were to pay the remain-
der of the money in discharge of debts due from the seller.
It was understood between the parties at the time of sale,
that the woman in controversy should remain with the fam-
ily of the said defendant in attachment until the end of the
year, she being the cook, and after the sale, the only servant
on the place.   The purchasers complied with the terms of
their contract, and the slaves were delivered to them, except
the woman, who remained with the vend'or from March,
1842, the time of the sale, until the first of January follow-
ing, when she was delivered to the claimant, who retained
possession of her until the 17th of February, 1847, when she
was levied on by the plaintiff's attachment.   Moreover, the
witness swears the sale was not intended by him to delay,
hinder or defraud his creditors, but was induced by a desire
to make them pay the largest possible amount of his liability
to his creditors.   These are the facts upon which the charge
was predicated, and it is too clear to admit of doubt, that
they fully warranted the court in giving the charge to which
the exception was taken.

It is unnecessary to review the authorities which establish
the principle, that the possession of the vendor, though in-
consistent with the deed, may be explained, and the pre-

sumption of fraud which would otherwise arise, be repelled. Blocker v. Burness, 2 Ala. Rep. 354; Ravesies v. Alston, 5 Ala. Rep. 297; Planters' & Merchants' Bank v. Borland, 5 Ala. Rep. 531.

It is sufficient, that in this case the possession for a limited period is provided for by the parties at the time of the contract, and forms a part of it. But if the presumption of law was adverse to the claimant, by reason of the temporary possession of the vendor, the circumstances attending the transaction sufficiently dispel all suspicion of bad faith. The situation of the vendor, confined to his school, with numerous boarders, his wife enfeebled by disease, and left without a servant to assist her, and at a season of the year, when perhaps it would have been difficult to have procured one—all these may be supposed to have made a strong appeal to the kindness of the claimant, who was a relative. The law, which regards and scans with scrupulous vigilance every circumstance from which a legitimate inference of fraud or unfairness may be drawn, is at the same time, not so wanting in humanity as to forbid the alleviation of distress and suffering by *honest* means. To hold, that in this case the sale is invalid, because the purchaser left the slave in controversy, under the circumstances shown in evidence, a few months with his afflicted niece, to whom her services were indispensable, the transaction showing there was no secret trust inconsistent with good faith, or the rights of creditors, would be to stamp as a *fraud*, what by the law of God, as well as by the common consent of mankind, is esteemed as a virtue.

Let the judgment be affirmed.