## MERRIWEATHER, Adm'r, v. TAYLOR.

1. A recovery may be had for work and labor, when the defendant has accepted the work, although it does not amount to a complete performance of the special contract.

2. When the suit is on the contract, the plaintiff must prove the work done, according to the agreement, and cannot recover by proving the use, and acceptance of the work, by the defendant. But when the suit is on a note, executed after the work was done, proof by the defendant that the work was not completed according to the contract, will merely reduce the recovery *pro tanto*, but the plaintiff will be entitled to recover, as much as the work was reasonably worth.

Error to the Circuit Court of Montgomery. Before the Hon. George Goldthwaite.

THIS was an action of assumpsit, on a promissory note, executed by the defendant, to the plaintiff's intestate, for four hundred dollars, bearing date the 5th of May, 1846, and due

the first day of January, 1847. The plaintiff read the note as evidence, and closed. The defendant then introduced a witness, who testified, that he was present when the defendant employed the plaintiff's intestate, in the fall of 1845, to dig a well. The intestate agreed to dig a well on the plantation of the defendant, that would afford a sufficient supply of water for the use of the plantation, and the defendant agreed to pay him four hundred dollars, when the well was complete.

The plaintiff's intestate bored a well 450 feet deep, and the water rose within 67 feet of the surface. A cistern was dug by the side of the bore, or well, 59 feet deep, and the water was let into the cistern. The intestate then left off working. This was in March, 1846. The well was used by the defendant, but the witness stated, that it never did afford a sufficient supply of water for all the purposes of the plantation. Some time in the summer, after the date of the note, the defendant finding that the well failed to supply a sufficient quantity of water, sent for Cain the intestate, who went down into the well, and did some work, but still the well did not afford water sufficient. This witness also testified, that in his opinion, if the well had been dug twenty feet deeper, it would have afforded an ample supply of water, and that it would cost from two to three dollars per foot to deepen it. Another witness stated, that in the fall of 1846, he went to live with the defendant, and found no bucket to the well; he fixed one, and discovered, there was about ten feet of water in it, and that the well did not supply a sufficiency of water for the farm; but they used it as long as there was water in it, and thinks it is never dry.

The plaintiff requested the court to charge the jury, 1st. If they believed the defendant gave the note in May, after Cain had quit working on the well, that it was conclusive evidence that the work was completed according to the contract. 2. That if the jury believed the note was executed after the intestate had quit working on the well, and the defendant had used the well, and if they also believed from the testimony, that by digging 20 feet the well would have supplied a sufficient quantity of water, then the plaintiff was entitled to recover all of the note, deducting therefrom the sum

it would require to deepen said well 20 feet. 3d. That if the defendant could have ascertained, at the time of giving the note, by using diligence, that the well did not answer the terms of the contract, but without using such diligence, he gave his note, the plaintiff was entitled to recover. 4. That if the note was given upon the consideration of a contract, that the intestate should dig a well that would supply the defendant's plantation with a sufficiency of water, without any other specification of the quantity of water, or how long the well should continue to supply a sufficient quantity of water, that the contract was too uncertain to bind the plaintiff's intestate, and if the defendant gave his note after the plaintiff's intestate ceased to work, that the note was conclusive, and the plaintiff entitled to recover; all these charges, the court refused to give. 5. The plaintiff then requested the court to charge the jury, that if the defendant gave his note after he knew the well did not furnish water, according to the contract, that this was conclusive upon him. This charge the court gave, but also charged further, that if the note was given upon the consideration of a contract, that the intestate should dig a well, that would supply the plantation of the defendant with a sufficient quantity of water, and the note was given under the belief that the well was completed according to the contract, and that it would supply his plantation with sufficient water, and in fact the said well was not completed according to the terms of the contract, and did not afford a sufficient supply of water for the defendant's stock, and plantation purposes, that the plaintiff could not recover. The court also charged further, that if the defendant had accepted the well, not as complete according to the contract, but as being of some service or value, to him, and had executed the note, in consideration of such value, that then the plaintiff could recover.

To the refusal to give the several charges as asked, and to the charges given, the plaintiff excepted, and now assigns them severally as error.

WILLIAMS, for plaintiff in error.

1. Before the execution of the note, Taylor should have examined the work, and ascertained whether, or not, it was

executed according to the terms of the contract; or show that he was prevented from doing so by fraud or accident, or the act of the opposite party, unmixed with fault or negligence upon his part. Chit. on Con. 627; Kennon v. McRea, 7 Por. 135.

2. When goods are sold for a note, to be given at six months, if the goods are delivered, and the note not demanded until nearly two months after the sale, the condition will be deemed to have been waived. Payne v. Shadbolt, 1 Campbell, 427; Haswell v. Hunt, 5 Durnford & E. 231; Hanegan v. Sands, 25 Wend. 640.

3. When a party engages to perform certain work, according to specifications, and does not perform it, as specified, what he is entitled to, is the price agreed upon, less the sum which it takes to make the work agree with the specifications. Jewett v. Western, 2 Fairf. Rep. 249; Thornton v. Place, 1 Moody & Robinson, 218; Legget v. Smith, 3 Watts's Penn. R. 331, 333; Hollingshead v. Mactier, 13 Wend. 276; Peden v. Moore, 1 S. & P. 79, 80, 81.

4. If, by the terms of the contract, the plaintiff was bound to have bored such a well, as would furnish a constant supply of water, which the well would not do, then the action was prematurely brought, and defendant should have pleaded in abatement. Lockhart v. Avery et al. 8 Ala. R. 502.

SEMPLE, contra.

1. The judgment sets forth, that issue was joined between the parties, and it must be intended, that the proper pleas were filed by defendant. Lucas v. Hitchcock, 2 Ala. R. 287.

2. The note is merely evidence of the contract of the defendant in error; and the plaintiff in error is in the some position in an action on the note, as he would occupy, if the action had been specially on the contract, and a note had not been made.

3. In an action on a contract specially declared on, the plaintiff can recover nothing, unless he shows a complete performance on his part, and it is only in cases, in the course of which, where there is a declaration on the contract, and the plaintiff fails in proving the contract, that he can recover for the value which the services may be of, to the defendant, and

then only on the common counts. 2 Greenl. Ev. § 104, and cases there cited. All the cases cited by plaintiff in error, to show that when the contract is departed from, the plaintiff may recover the value of the work, are qualified by the fact, that the contract is departed from with the consent of the defendant, express or implied.

DARGAN, J.—We think it very clear, that the defendant was not precluded from showing, by way of defence, that the well was not completed according to the terms of the contract, agreed on between the plaintiff, and himself, although he gave the note after the work was done, if at the time he executed the note, he believed the work was completed according to the agreement. But as the well was accepted, and used by the defendant, the plaintiff was entitled to recover as much as the work was reasonably worth, although the work was not performed, strictly in accordance with the provisions of the contract. The rule is, that a recovery may be had for work and labor, when the defendant has accepted the work, although it does not amount to a complete performance of the special contract. Thomas & Trott v. Ellis & Co. 4 Ala. 108; 2 Greenl. Ev. § 104.

This is not denied by the defendant's counsel, but it is insisted, that a recovery in such a case, can only be had on the common counts, for work and labor done; and as the plaintiff has not declared for work, and labor, he cannot recover. It is true, that if the plaintiff had declared on the contract, before he could entitle himself to a recovery, it would have been incumbent on him to show, that he had performed the work according to the agreement; and if he failed to do this, he could not recover, although he might have shown, that the defendant had accepted, and used the work.

But the plaintiff does not sue on the special agreement: he sues on the note given for the work, after it was done. The performance of the agreement, is, then, the consideration of the note which is declared on, and the evidence tending to show, that the work was not done according to the contract, impeaches the consideration, of the note, and to avoid a recovery *in toto*, he must show, that the consideration has entirely failed. If he only shows a partial failure of

consideration, he can only reduce the amount of the recovery *pro tanto*, and the plaintiff is entitled to recover the amount, that the consideration received by the defendant was actually worth. The plaintiff, therefore, was entitled to recover, although he has declared on the note alone, as much as the work was reasonably worth. The charge of the presiding judge, however, denied the right of the plaintiff to recover, notwithstanding the work had been accepted by the defendant, unless he showed that the work was completed according to the agreement. In this the court erred, and the judgment must be reversed, and the cause remanded.