# KIRKLAND *vs.* OATES.

1. As to the distinction between severable and entire contracts.
2. A recovery cannot be had upon an entire contract for the building of a house, without averring and proving performance ; but where the employer discharges the workman on discovering a violation of the contract on his part, telling him to make out his bill for the work done, and promising to pay it to get rid of him, and the workman accordingly presents his account and quits the service, this is a mutual rescission of the contract ; and if the work is used by the employer, and is of any value to him, the workman may recover its value on a *quantum meruit.*
3. A charge must be construed with reference to the proof.
4. When the charge of the court assumes a fact as proved, it will be presumed, on error or appeal, that the evidence justified the assumption, unless the bill of exceptions shows that the evidence was conflicting, or left the fact in doubt : a statement that the evidence "tended to show" the fact, is not sufficient to put the court in error.

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. ANDREW B. MOORE.

ASSUMPSIT, on the common counts, for work and labor done, by Henry M. Oates against Perry Kirkland ; pleas, *non assumpsit,* payment, set-off, and failure of consideration.

It appears from the bill of exceptions, that there was a special contract entered into between the parties, by which Oates agreed to build the dwelling-house according to the direction of Kirkland, but, after progressing to a considerable extent with the work, he had violated the contract, in the absence of Kirkland, in the matter of some cornice which he put up. Upon Kirkland's return, he asked Oates how much he charged for the cornice he had put up, and being informed as to the price, he then told Oates that he could do no more work for him. Shortly thereafter, the defendant asked Oates if he was going to quit, who replied, that he did not want to quit,—that he would rather stay and finish the work. The defendant then told him to make out his bill, and he would settle with him for the work he had done, or would pay him two dollars per day for the time he had wrought to get rid of him. The items of work and bill were thereupon made out,

and Kirkland refused to pay. It was proved that the defendant had used the work which the plaintiff had done, and proceeded to have the house completed by another without making any alterations in it. The evidence was conflicting, however, as to whether the defendant had derived a benefit from the plaintiff's labor.

Upon this evidence, the court, in substance, charged the jury, that if plaintiff, in defendant's absence, had knowingly and willfully violated the special contract, defendant had the right to discharge him, and he could recover nothing unless the defendant went on and used the work, and it was of any value to him, then he had the right to recover that value. The charge of the court is assigned for error.

GEO. W. GAYLE, with whom were MURPHY & BLEVINS, for the appellant :

There was an entire contract between the parties, which the plaintiff below grossly violated, and was dismissed. The court charged, that, if defendant used the work done on his house, he must pay for it. This was error.—Brumby v. Smith, 3 Ala. 123 ; Givhan v. Dailey, 4 ib. 336 ; Hawkins v. Gilbert, 19 ib. 54 ; Story on Cont., § § 11, 456 ; 1 McCord's R. 22.

N. HARRIS, with whom were EDWARDS & CONNELLY, contra :

The bill of exceptions, which does not set out all the evidence, shows that the defendant used the work done by the plaintiff, and there was also evidence that it was of some value to him ; that the plaintiff was discharged from the further performance of the work by the defendant, and that the latter then promised to pay him for the work done. This is not a case where the performance of the entire contract, on the part of the plaintiff, was a condition precedent to his right to recover ; and if such has been the original contract, it has been changed or rescinded, and a new contract made to pay for the work actually done as much as it was worth. The law is well settled, that a recovery may be had in such case for the value of the work done.—Hawkins v. Gilbert & Maddox, 19 Ala. 57 ; Merriwether v. Taylor, 15 ib. 735 ; Thomas & Trott v. Ellis & Co., 4 Ala. R. 108 ; Hayward v. Leonard, 7 Pick. 181 ; 2 Green. Ev., § 104.

CHILTON, C. J.—A severable contract is one the consideration of which is, by its terms, susceptible of apportionment on either side, so as to correspond to the unascertained consideration on the other side ; whilst an entire contract is one the consideration of which is entire on both sides, requiring the complete fulfilment of the promise by either as a condition precedent to the fulfilment of any part of the promise by the other.—Story on Cont., §§ 21, 22, (3d ed.)

In the case before us, the contract was manifestly entire, and Oates could not have recovered upon it without averring and proving a performance. If he violated the contract in a material part, the employer had the right to discharge him, and this would work the same result as if he had abandoned the work voluntarily before completion.

This principle the charge concedes to be correct ; but the qualification asserts the further proposition, that if the employer went on and used the work done by the plaintiff, and it was of any value to him, the plaintiff had the right to recover that value.

We have often held, that the charge must be construed with reference to the proof on which it is based. Here the proof shows that the appellant told his workman, after he had discovered the violation of the contract, and before he had quit his employment, "Make out your bill, and I will settle with you for the work you have done, or pay you two dollars per day for the time you have worked, to get rid of you." The bill was accordingly made out, and tendered for payment, and the workman thereupon quit the appellant's service. We think it is too clear to admit of doubt, that this amounted to a waiver of the terms of the original contract by both parties ;—by the appellant, because his proposal is inconsistent with its terms, contemplating a different mode of compensation for the work done, and a cessation of the service ; and by the appellee, who accepts the proposal, and quits the service, having complied with that which was proposed for his performance, in making out his account. This was a waiver, by mutual consent, of the terms of the special contract.— Judge Story says : " If the work has, with the express assent, or the acquiescence, of the employer, been left incomplete, or the latter has knowingly dispensed with a perfect and skillful

performance of it, a full compensation for it may be recovered upon a *quantum meruit*."—Story on Bail., § 441 c, (5th ed.,) p. 461. Keeping in view this proof, as the predicate of the charge, and the law as applicable to it, we think the court very properly instructed the jury, "that if the defendant went on and used the work done by the plaintiff, and it was of any value to him, the plaintiff had the right to recover that value."

We have held that the acceptance and use of the work, although not done according to the terms of the special contract, entitles the workman to recover.—Merriwether, adm'r, v. Taylor, 15 Ala. 735 ; see, also, Hawkins v. Gilbert & Maddox, 19 Ala. 54. Whether this principle applies to improvements of a permanent, immovable character, erected on the land of another—whether, in other words, if the employer is either compelled to use the work as it is, or else to abandon his land on which it has been erected, any inference could be drawn from such use that he had dispensed with the original contract, or had acquiesced in the departure from it, is a question which the facts of this case do not call on us to decide. We may concede that the acceptance and use of the work, without more, would not justify such a presumption.— At the same time the charge is correct, because, referring it to the testimony, we find the use was preceded by an express promise to pay for the work. It cannot be doubted, we think, that under such a state of facts, the workman is entitled to recover so much as the work is reasonably worth to the employer.—Story on Bail., § 441 b.

That the charge must be referred to the proof, see Jones v. Davies, 2 Ala. 730 ; 12 *ib.* 604 ; Lockwood v. Nelson, 16 *ib.* ; and that the court may charge upon the facts without hypothesis, when there is no conflict in the proof, and they are not disputed, is also well settled.—13 Ala. Rep. 713 ; 15 *ib.* 276. Furthermore, when the court assumes a fact as proved, we must intend that the evidence justified such assumption, unless there is something in the bill of exceptions to repel it. To hold otherwise, would be to presume the court committed an error, which cannot be *presumed*, but must be affirmatively shown. If the plaintiff in error desires to show that the court has invaded the province of the jury, by assuming facts

as proved, he should show by his bill of exceptions that the testimony was conflicting or left the fact in doubt. The statement that the evidence *tended* to show a fact, without showing that the fact was disputed, or that there was a conflict in the evidence, is not sufficient to put the court in error. There may be facts of such a character as not to be susceptible of direct proof ; and to such the rule would not extend ; the question, for example, whether a party was actuated by a fraudulent *intent* in making a transfer, &c.—Kastillo & Keho v. Thompson, 9 Ala. 937. But such is not the character of the fact here assumed. Conceding then the promise of payment to have been made as stated in the bill of exceptions, we are of opinion, that the court very properly told the jury that, if they found the employer used the work, and it was of value to him, he should be held responsible for such reasonable value.

Let the judgment be affirmed.