JOHN E. PLUMMER *vs.* EASTERN RAILROAD COMPANY.

JOHN E. PLUMMER AND WIFE *vs.* same.

Cumberland. Opinion June 12, 1882.

*Negligence. Railroads. Contributory negligence.*

A traveler in crossing a railroad, is bound to exercise such care as a prudent man, in approaching such a place, would ordinarily use for the protection of life.

The fact that one in attempting to cross a railroad does not, at the instant of stopping on it, look to ascertain if a train is approaching, is not *conclusive* evidence of a due want of care on his part.

His omission to do so is to be submitted to a jury for their consideration.

ON motion to set aside the verdict of the jury.

These two actions were tried together and the jury returned a verdict in the first for five thousand and one hundred dollars, and in the second for twelve hundred dollars.

The case and material facts are stated in the opinion.

*Strout and Holmes,* for the plaintiffs.

*Webb and Haskell,* for the defendant.

Both the plaintiffs declare that acting upon the presumption, that there could be no train coming from the westward, they approached and passed upon the crossing without looking that way, and only looked up, when they were almost under the approaching train.

They both admit that they only turned their attention to the track towards Portland, and did not take any precaution as to trains in the other direction.

This was gross and inexcusable negligence, and contributed to the accident. It was such contributory negligence as effectually defeats their actions.

The plaintiffs have not any pretence or pretext for excuse of their reckless and rash proceeding, in any ignorance of the exist-

ence or situation of the crossing. They were perfectly familiar with it, and with all its features of blindness, concealment or obscuration.

Now as matter of law, such conduct on their part was contributory negligence. And in cases when the facts are undisputed, negligence is a matter of law for the court. *Penn. Ry. Co.* v. *Righter*, 13 Vroom, 180; in Law Reg. vol. 20, p. 142; *Grows* v. *M. C. R. R.* 67 Maine, 104; *Clark* v. *Boston and Albany R. R.* 128 Mass. 1; In *Chicago and Alton R. R.* v. *Amelia T. Robinson*, decided in 1881, reported only in papers, it was held, to be, "the duty of a person approaching a railroad crossing to carefully look out for trains, although the signals required by law are not given and it is gross negligence to omit this precaution." *Wildes* v. *Hudson, R. R.* 29 N. Y. 315; *Ernst* v. *Hudson, R. R.* 39 N. Y. 61; *Wilcox* v. *Rome and O. R. R.* 39 N. Y. 358; *Railroad Co.* v. *Huston*, 95 U. S. 697; *Butterfield* v. *Western R. R.* 10 Allen, 532; *Allyn* v. *Boston and Albany R. R.* 105 Mass. 77.

APPLETON, C. J. This is an action on the case against the defendant corporation for negligence, by reason of which, the plaintiff while attempting to cross their track with his wife received a severe injury, for which compensation is sought.

There are no exceptions to the rulings of the presiding justice. It may, therefore, be assumed that they were in strict accordance with the legal rights of the parties.

The case comes before us on a motion for a new trial, on the ground that the verdict was against the law.

The plaintiff claims that no bell was rung nor whistle blown, as should have been done to give notice of the approaching cars. The evidence on this point is contradictory, but the jury must have found against the defendant on both these questions. The matter was properly left to the jury and no sufficient reasons are shown for interfering with their conclusions as to these points.

But the defendants, not contesting the findings of the jury on these points, insist that there was contributory negligence in not stopping and looking in both directions for coming trains.

Whether contributory negligence existed or not is a mixed question of law and fact; the fact is to be determined by the jury

on competent evidence and in accordance with the principles of law as given by the court for their guidance. "It is negligence," say the court in *Grows* v. *Maine Central*, 67 Maine, 104, "to attempt crossing the track of a railroad without looking to see if the cars are approaching. If the traveller does not look and his omission contributes to his injury, he is guilty of such negligence as will bar his recovery, notwithstanding the negligence of those in charge in omitting to sound the whistle or ring the bell."

This case came before the court on demurrer to a declaration in which it was alleged that the plaintiff saw the cars were approaching and about forty rods from the crossing.

It is in evidence that the plaintiff did not stop immediately before crossing the railroad track. It was held in *Pennsylvania Railroad Company* v. *Beale*, 73 Penn. 504, that the failure of a traveller to stop, immediately before crossing a railroad track, was negligence *per se*. It was held otherwise in New York, where it was decided that it was not, as matter of law, negligence for a person approaching a railroad train in a carriage upon a highway, not to stop; his omission to do so is a fact to be submitted to a jury. *Kellogg* v. *Railroad Co.* 79 N. Y. 72. The fact that a person who, in attempting to cross a railroad, does not at the instant of stepping on it, look to ascertain if a train is approaching, is not conclusive of a due want of care on his part. *Chaffee* v. *B. & L. Railroad Co.* 104 Mass. 108; *Williams* v. *Grealy*, 112 Mass. 79.

The bell not having been rung nor the whistle blown, the negligence of the defendant is established. Was the plaintiff under the circumstances in the exercise of ordinary and common care? The morning train had already passed. The train from the west was not due. The customary signals of approaching cars had not been given. It was the bounden duty of the defendant to give those signals of danger, and the plaintiff had a right to expect them, and not hearing them, to assume that there was no car sufficiently near to endanger the passage over the track. *Tabor* v. *Missouri Railroad Co.* 46 Mo. 353. It is true the plaintiff did not stop and listen, but he states that as they drove

"most down to the station," his wife asked if there were any cars coming, to which he replied no, not from Boston, "unless there was extra trains, and he (I) was looking for the train." To the inquiry which way? his reply was, "from Portland, and I looked towards Boston and I did not see any train coming from any direction." The wife testifies that she asked her husband if there were any cars coming, to which he answered in the negative, giving as a reason that the train had not time to get out so that another could come from Oakhill; that she looked Portland way and then the other way and the train was close upon them—that she had looked away from Portland before this, through the opening to see if she could see any. The plaintiff and his wife looking in both directions hearing no sounds of cars, whistle or bell, and with vision somewhat obstructed by buildings and trees, attempted to cross, and in that attempt were injured. The jury found they were in the exercise of ordinary and common care. Is that verdict so manifestly erroneous that it should be set aside. It is true the plaintiff was bound to exercise his sight to avoid danger, but he was not bound to use the greatest possible diligence. He was bound to exercise such care as a prudent man approaching such a place would ordinarily use for the protection of life. It is uncertain to what extent he could see the cars through the intervening obstructions. His attention was called to the danger and he and his wife looked to see if there was a train in view. The obstructions may have prevented their seeing. Seeing nothing, hearing no warning of danger through the negligence of the defendants, in attempting to cross, the plaintiff was injured. Under the circumstances of the case, it was for the jury to determine whether he exercised the care the law requires. The jury saw and heard the witnesses; they examined the premises and with the best means of judging have arrived at a conclusion, which is not so manifestly erroneous as to demand our interference. *Kellogg* v. *N. Y. C. & Hudson R. R. Co.* 79 N. Y. 72; *The Cleveland C. & C. Railroad Co.* v. *Crawford*, 24 Ohio St. 631; *Stackus* v. *New York, C. & H. R. R. Co.* 79 N. Y. 465.

<i>Motion overruled.</i>

WALTON, BARROWS, DANFORTH and PETERS, JJ., concurred.

VIRGIN and SYMONDS, JJ., non-concurred.