# Carter *v.* Chambers.

*Action for Damages on account of Personal Injuries, against Owner of Private Carriage.*

1. *Charge on oral testimony; when invading province of jury.*—The credibility of oral testimony being a question for the decision of the jury, a charge is erroneous which assumes, or states as fact, any material matter which depends on the sufficiency of oral testimony for its establishment; yet, where the record affirmatively shows that certain facts were admitted, or were clearly proved and not disputed, they may be stated without hypothesis.

2. *Construction of charges in connection with evidence.*—Charges to the jury must be construed in connection with the evidence; and if a charge, when so construed, is free from error, though it assert a rule which, when applied to a different state of proof, would not be correct, it is no ground of reversal.

3. *Negligence, as cause of action or defense.*—Negligence, whether as a cause of action or as a defense, must be the proximate cause of the injury complained of; and when contributory negligence is set up as a defense, it is an admission of negligence on the part of the defendant himself.

4. *Diligence in driving carriage.*—Diligence is a relative term, and has not always the same measure; and a charge which instructs the jury that, ordinarily, the law requires the same diligence from the driver of a carriage and a person on foot in a public street, is erroneous.

5. *Charge as to witness swearing falsely; not authorized by mere conflict in testimony.*—A mere conflict in the testimony—as where one witness testifies that he heard one of the parties make a certain declaration, while others, also present at the time, testify that they did not hear it—does not authorize a charge to the jury as to the effect to be given to the testimony of a witness who has sworn falsely in one particular.

6. *Presumption against party failing to produce witness.*—A party is not bound to produce all the witnesses who may know something about the transactions involved in the issues, nor is any presumption indulged against him on account of his failure to produce them; though, when a witness possesses peculiar knowledge, supposed to be favorable to the party who can produce him, the failure to produce him, if unexplained, is ground of suspicion against that party.

7. *Charge objectionable for generality, confusing, or misleading.*—A charge which, as applied to the particular case, is correct, though asserting a general principle too broadly, or which has a tendency to confuse or mislead the jury, may properly be refused; but, if given, it is not a reversible error.

8. *Ambiguous charge.*—When a charge asked and refused is ambiguous, or susceptible of two constructions, that construction will be adopted which is least favorable to the party asking it.

9. *Negligence in driving carriage.*—It can not be asserted, as matter of law, that driving a carriage rapidly through a public street is, *per se*, culpable negligence.

APPEAL from the Circuit Court of Montgomery.
Tried before the Hon. JAMES E. COBB.

[Carter v. Chambers.]

This action was brought by Robert Carter against W. L. Chambers, to recover damages for personal injuries sustained by plaintiff by being run over, on a public street in the city of Montgomery, by the horses attached to the defendant's private carriage, which was driven at the time by the defendant's servant; and was commenced on the 18th May, 1885. The accident occurred on the 23d December, 1884, under the circumstances stated in the opinion of the court. The record does not show what pleas were filed. The bill of exceptions purports to set out "substantially all the evidence," the most material parts of which are also stated in the opinion of the court. There was, also, evidence showing the extent of the plaintiff's injury; and that he was a planter, residing in the country, and about sixty-five years old. The driver of the defendant's carriage was summoned as a witness for him, and was sworn and put under the rule; but he was not introduced as a witness. The defendant submitted an affidavit as to the testimony of an absent witness, who was present immediately after the accident occurred, and who, as stated in the affidavit, would testify that the plaintiff, in reply to suggestions by the by-standers to go after the negro driver, said, "Let him alone, I was about as much to blame as he was;" and plaintiff admitted, that said witness, if present, would so testify. Other witnesses, who were present at the time, and who were introduced by the plaintiff, testified that they did not hear plaintiff make any such declaration.

The plaintiff asked the following charges in writing, and duly excepted to the refusal of each :

"1.   It is the duty of the driver of a carriage, when driving through the streets of a city, to keep his eyes open, and to see ; and if in his power, to avoid a collision with any person in the street; and if he did not keep his eyes open, and did not see, when he could have seen, this is negligence in the driver ; and if he was driving rapidly through the street, this was culpable negligence; and if the collision with the plaintiff was brought about by such negligence of the driver, without fault, at the time, of plaintiff, then the plaintiff is entitled to recover.

"2.   If a party has a witness within his power to produce, and fails to produce him, the presumption is fair, that the witness, if produced, would not support the right of the party.

"3.   If a party introduce a falsehood into his case, this may cast suspicion or distrust of all other evidence introduced by that party.

"4.   If the facts and circumstances show that the driver of the defendant's carriage was driving rapidly through the street, and did not use his senses to discover a foot passenger in the street, and, in consequence of such failure to use ordi-

VOL. LXXIX.

nary care, an injury to the plaintiff occurred, then the defendant is responsible for such damages as have resulted to plaintiff.

"6. If the jury find from the evidence, facts and circumstances proven, that the plaintiff received great bodily injury, and suffered great pain and suffering from the negligent driving of the defendant's carriage in the streets of Montgomery, said driver being then engaged in his master's business, then the plaintiff is entitled to recover in this action.

"7. If the plaintiff was negligent himself, yet, if the injury to him was brought about by the carelessness or negligence of the defendant's carriage-driver, engaged in the defendant's business, then the plaintiff is entitled to recover."

After the jury had retired to consider of their verdict, they came back into the court-room, and asked the court this question : "Is there a greater diligence required of a driver of a carriage in driving in the public streets or roads, than there is in a foot passenger in crossing a public street or road." In response to this inquiry, the court then instructed the jury, "that, ordinarily, the diligence required by law of a driver of a carriage, in driving in the public streets or road, and a foot passenger in crossing a public street or road, was equal ; and that, under ordinary circumstances, the law required no greater diligence of the one than of the other." To this charge the plaintiff excepted.

The charge given, and the refusal of the charges asked, are now assigned as error.

W. L. BRAGG, and WATTS & SON, for appellant.—(1.) As to what is negligence, see Beach on Negligence, 195, § 63 ; *Plummer v. Railroad Co.*, 73 Maine, 591. (2.) The negligence of the plaintiff does not excuse the defendant, when the injury might have been avoided by the use of ordinary care and caution on the part of the defendant's driver.—Beach Neg., 197, § 64. (3.) When the defendant's negligence is the proximate cause of the injury, while that of the plaintiff is only the remote cause, or a mere condition of it, the plaintiff may recover.—Wharton on Negligence, § 324 ; Beach Neg., 58, § 18 ; Cooley on Torts, 675, 679 ; Thompson on Negligence, 1151, 1157 ; *Foster v, Holly*, 38 Ala. 76 ; *Tanner v. Railroad Co.*, 60 Ala. 637. (4.) Carter's being in the street, and crossing at the time he was struck, without being on the lookout for carriages, was, at most, a mere condition of negligence, and was not, in any legal sense, the proximate cause of his being run over by the carriage. After he had got out into the street, and was starting across, he did look up and down the street, and saw no vehicle in sight ; and he was not required to keep

15

[Carter v. Chambers.]

continually watching, having a right to expect ordinary prudence from the driver of any approaching carriage.—Thompson on Negligence, 406-07; *Robinson v. Railroad Co.*, 48 Cal. 421; *Harpeth v. Curtis*, 1 E. D. Smith, 80. (5.) Carter was not bound to anticipate culpable negligence on the part of the defendant's driver.—Shear. & Redfield on Negligence, 31; *Robinson v. Railroad Co.*, 48 Cal. 421. (8.) The plaintiff may recover, although his negligence remotely contributed to the accident, if, notwithstanding such remote negligence, the defendant might have avoided the injury by the exercise of ordinary care.—Thompson on Negligence, 383, 1151, 1152; *Doggett v. Railroad*, 78 N. C. 305; *State v. Manchester R. R. Co.*, 52 N. H. 528; *Isbell v. N. Y. & N. H. Railroad Co.*, 27 Conn. 404. (7.) The driver of a team, when approaching a crossing, must be more alert in looking out for foot-passengers, and must drive slowly, cautiously, and carefully. 1 Thompson on Negligence, 387, and authorities cited. It is not unlawful for a pedestrian to cross the street at a place other than the regular crossing (*Cottrell v. Starkey*, 8 Car. & P. 691); and if, while so crossing, he is negligently run down by a driver, failing to look ahead, the driver or his master is liable in damages.—Beach Contr. Neg., 279, § 82, and authorities; Thomp. Neg. 387; *Shea v. Reemes*, 36 La. Ann. 969. (8.) To drive rapidly in a public street of a city, is culpable negligence.—Whar. Neg., §§ 820 26; Shear. & Redf. Neg., §§ 303–05, 360, 314; *Matson v. Maupin*, 75 Ala. 312. (9.) The law gives a right of action for an injury to the person or property, caused directly or consequentially by the negligence, inadvertence, or want of proper care or precaution on the part of another; and the fact that the injury was unintentional is no defense.— *Walker v. Bolling*, 22 Ala. 294; 4 Wait's Ac. & Defenses, 717. (10.) Persons lawfully using a public street owe to each other the duty of ordinary and reasonable care, and each is justified in assuming that the other will so act.—*Murley v. Roche*, 130 Mass. 830; *Baker v. Fehr*, 97 Penn. St. 70; *Dunham v. Rackliff*, 71 Maine, 345; *Wrinn v. Jones*, 111 Mass. 360; *Daniels v. Clegg*, 28 Mich. 32. (11.) The legal right of foot-passengers and drivers of horses, to use a carriage-way of a street for purposes of travel, is the same; but it is the duty of drivers to turn aside, to avoid doing an injury to persons who may be crossing, or standing in their path.—1 Sweeny, N. Y. 288. But this does not mean that each is required to exercise the same degree of care, since the driver is controlling a dangerous animal. (12.) Contributory negligence is matter of defense, and is not required to be negatived by the complaint.—*Railroad Co. v. Hanlon*, 53 Ala. 70; *Railroad Co. v. Crenshaw*, 65 Ala. 566; *Railroad Co. v.*

[Carter v. Chambers.]

*Shearer*, 58 Ala. 680; *Tanner v. Railroad Co.*, 60 Ala. 621. (13.) The failure of the defendant to call his driver as a witness, after he had been sworn and put under the rule, justified the second charge asked and refused.—*Fincher v. The State*, 58 Ala. 215; *Adams v. McGar*, 65 Ala. 106; *East v. Pace*, 57 Ala. 521; *Kilgore v. The State*, 74 Ala. 1.

TROY, TOMPKINS & LONDON, *contra.*—(1.) Persons on the highway, whether on foot or in vehicles, have the right of way in common, each equally with the other; and each is bound to use ordinary care for his own safety, and to avoid doing injury to the other.—*Cotton v. Wood*, 8 C. B. (98 Eng. Com. Law Rep.) 566; *Barker v. Savage*, 45 N. Y. 191. (2.) The plaintiff was coming diagonally across the street, in the direction from which the carriage was approaching, and would have seen it approaching, if he had looked up; and being guilty of contributory negligence, he can not recover, although the defendant's driver was in fault.—Cases above cited; *Butterfield v. Forrester*, 11 East, 60; *Tanner v. L. & N. Railroad Co.*, 60 Ala. 12; Beach Contr. Neg., § 4. (3.) Driving a carriage rapidly along the highway, is not culpable negligence as matter of law, but is a question of fact to be determined by the surrounding circumstances, as found by the jury.—*Matson v. Maupin*, 75 Ala. 312. (4.) The failure of a party to produce a witness, of itself, does not justify or authorize any presumption against him.—*McGar v. Adams*, 65 Ala. 110; *Scovill v. Baldwin*, 27 Conn. 316; Lawson's Pres. Evidence, 23, 137.

STONE, C. J.—As a general proposition, the credibility of oral testimony is an inquiry of fact, which must be submitted to the jury. Hence the rule, that in charging juries, it is improper to assume, or state as fact, any material matter which depends on the sufficiency of oral testimony for its establishment. But this rule has a well-defined exception, generated by the great inconvenience that would result from its literal and extreme application in all cases. In the trial of most issues, the real contention is not over every question of law or fact that is involved directly or incidentally. The contestants are usually agreed on many questions,—frequently, very important questions. These become the incident—an indispensible incident—in the cause; but they are not the real subject in contestation. They are material facts, but they are not disputed facts. If the trial judge, in giving his charge to the jury, were required to state all such non-contested facts in the form of hypothesis, his charges would frequently become cumbersome and confusing, if not misleading. The exception to the rule is, that when the record shows affirmatively that cer-

tain facts are clearly shown and not disputed—not made any part of the contention—then it is not error if they be assumed in the charge to be facts, and stated as such without hypothesis.—*Henderson v. Mabry*, 13 Ala. 713; *Gillespie v. Battle*, 15 Ala. 276; *Kirkland v. Oates*, 25 Ala. 465; *S. & N. Ala. R. R. Co. v. McLendon*, 65 Ala. 266. Care must be observed, however, in applying this principle. It should not be applied, except in cases where it is manifest that the particular fact is conceded, or not controverted. If there is any conflict in the testimony, or if the testimony is of such indeterminate character as that inferences must be drawn to make up its completeness, then such fact, or assumed fact, can not be given in charge without hypothesis.

Charges to juries should have reference to the testimony, and must be construed in connection therewith. And if a charge given, construed in connection with the testimony, is free from error, it will not be ground of reversal, even if it declare a rule which would not be correct when applied to other supposed states of proof. Error, and consequent injury in the case in hand, are the questions for our consideration; and we look not beyond the tendencies of the testimony, in search of possible states of proof, to which the charge would not be applicable. "Charges should always be framed in reference to the testimony, and in construing them we must have regard to the same standard."—*Alexander v. Alexander*, 71 Ala. 295; 1 Brick. Dig. 345, § 141; *Kirkland v. Oates*, 25 Ala. 465; *Talladega Ins. Co. v. Peacock*, 67 Ala. 253; *Hudmon v. White*, 70 Ala. 365; *Farley v. Smith*, 39 Ala. 37.

It was among the undisputed facts in this case, that the injury complained of was done in the day-time, by the carriage horses of defendant, attached to his carriage, and driven by his carriage-driver, in and about his business. The injury was done by the horses, while in motion, striking against plaintiff, and felling him to the earth. It occured on Lee street, a street in the city of Montgomery, extending north and south, and about one hundred feet wide: between the side-walks about seventy feet wide. On the east side of the street was a livery-stable, and on the west side, but towards the south, and higher up, were a hotel and blacksmith-shop near each other. A person going from the stable to the hotel or blacksmith-shop, would cross the street diagonally, bearing southward. There was no public crossing at that place, but it was used as a private crossing. The injury was done in the public street. The foregoing are undisputed facts, which the court, in charging, could have stated as facts, without hypothesis. To what extent Lee street was a public thoroughfare, is not stated, save as the same may be inferred from the proximity of the livery-stable, the hotel.

[Carter v. Chambers.]

and the blacksmith-shop, and, possibly, of the Methodist Epis-
copal Church.

The proof tended to show that the plaintiff was walking
leisurely from a point near the livery-stable, across the street,
to the blacksmith-shop, and, when struck, was a little beyond
the center of the street. The tendency of the testimony was,
that the carriage was being driven "pretty fast" down Lee
street, heading north ; the carriage having come seventy yards
or more in that direction, before reaching the point where the
collision occurred. There was testimony, also, tending to show
that the street at that time was unobstructed from side-walk to
side-walk, and that there was ample space for each to have had
unobstructed pass-way. For the plaintiff it is contended, that
if the driver had employed proper watchfulness and diligence,
he would have seen the plaintiff, and would have deflected from
his course, passing around plaintiff, and doing him no injury.
For the defendant it is replied, that if the plaintiff had em-
ployed proper watchfulness and diligence, he would have seen
the approaching carriage, whould have gotten out of the way,
and have thus escaped all injury. Such defense does not rest
alone or necessarily on a denial that the defendant had been
guilty of negligence. It rather concedes that he had. The
pith of it is, that though the defendant, or his servant, has
been guilty of negligence, yet the plaintiff was also guilty of
negligence, which contributed proximately to produce the in-
jury ; and this, if true, is a bar to his right of recovery, with-
out any reference to the degree or measure of negligence of
the one or the other party. It must be proximate—nearest—
immediate—a naturally contributing cause of the wrong done ;
the negligence, or wrong, the cause ; the injury, the effect.
And this principle applies alike to the plaintiff's complaint,
and to the defendant's defense. The plaintiff, to make out his
side of the case, must prove the defendant was guilty of neg-
ligence, the proximate effect of which was injury to him.
This will entitle him to recover, unless it is shown the plaintiff
was also guilty of negligence, which contributed proximately
to the injury. These were the controverted issues of fact in
the trial below.—*Tanner v. L. & N. R. R. Co.*, 60 Ala. 621 ;
*M. & C. R. R. Co. v. Copeland*, 61 Ala. 376 ; *Cook v. Cent. R.
R. Co.*, 67 Ala. 533 ; *M. & E. R. R. Co. v. Thompson*,
77 Ala. 488 ; *Clements v. E. T., Va. & Ga. R. R. Co.*,
77 Ala. 533 ; Beach Cont. Neg. §§ 63, 64 ; Whar. Neg.
§§ 323, 324 ; 1 Thomp. Neg. 407 ; 2 *Ib.* 1157 ; *Foster v. Holly*,
38 Ala. 76 ; *State v. M. & L. R. R. Co.*, 52 N. H. 528 ;
*Wrinn v. Jones*, 111 Mass. 360 ; *Daniels v. Clegg*, 28 Mich. 32 ;
*Scovill v. Baldwin*, 27 Conn. 316 ; *Doggett v. R. & D. R. R.
Co.*, 78 N. C. 305 ; *Robinson v. Western Pacific R. R. Co.*,
48 Cal. 409.

[Carter v. Chambers.]

In Cooley on Torts, 674, speaking of contributory negligence, the author says : " The general result of the authorities seems to be, that if the plaintiff, or party injured, by the exercise of ordinary care under the circumstances, might have avoided the consequences of the defendant's negligence, but did not, the case is one of mutual fault, and the law will neither cast all the consequences upon the defendant, nor will it attempt any apportionment thereof." See *Butterfield v. Forrester*, 11 East, 60 ; *Gonzales v. N. Y. & H. R. R. Co.*, 38 N. Y. 440 ; *Woodward Iron Co. v. Jones*, at present term.

There are cases so plain and pronounced in their facts, as that the court may and should give the general charge, if thereto requested, that if the testimony be believed, the defendant is guilty of negligence, or the plaintiff of proximate contributory negligence, as the case may be. The present case, however, can not be placed in that class. The sufficiency of the testimony was a question for the jury, in each aspect of the issue.—*E. T., Va. & Ga. R. R. Co. v. Bayliss*, 74 Ala. 150 ; *Baker v. Fehr*, 97 Penn. St. 70 ; *Plummer v. Eastern R. R. Co.*, 73 Me. 591. The case of *Cotton v. Wood*, 8 J. Scott, N. S. possibly goes farther than the authorities in this country would justify.

Charges, we have said, must be interpreted in reference to the tendencies of the testimony ; and if, when so interpreted, they declare an incorrect rule for the jury's guidance, this is error.—*Pepper v. Lee*, 53 Ala. 33. Diligence is a relative term, and has not always the same measure. It depends on the nature of the trust, duty, or subject in hand. Hence, if the trust confided, or duty imposed, require delicate handling, or skillful manipulation, to preserve the one, or to so control the other as to do no mischief, the requisite degree of diligence rises in proportion to the delicacy or danger which attends the service. Greater watchfulness and care are required in the proper custody and preservation of a diamond, than need be bestowed on chattels of ordinary value ; greater skill and diligence are exacted in the driving of a steam-locomotive than in driving a road-wagon. The reason is obvious ; and " law is the perfection of human reason."

In response to an inquiry by the jury, the court charged them, " that, ordinarily, the diligence required by the law of the driver of a carriage in the public street or road, and a foot passenger in a public street or road, was the same ; and that the law required, under ordinary circumstances, no greater diligence of the one than of the other." In this the Circuit Court erred.—*Grey v. Mobile Trade Co.*, 55 Ala. 387 ; *Tanner v. L. & N. R. R. Co.*, 60 Ala. 621 ; *Shea v. Reems*, 36 La. Ann. 966 ; *Cottrill v. Starkey*, 8 Car. & P. 691 ; 4 Wait Ac.

[Carter v. Chambers.]

& Def. 654; Shear. & Redf. on Neg. §§ 24, 305, 314; *Matson v. Maupin*, 75 Ala. 312; *Steamboat New World v. King*, 16 How. U. S. 469; *Cayzor v. Taylor*, 10 Gray, 274; *McGrew v. Stone*, 53 Penn. St. 436; *Carroll v. Staten Island R.R. Co.*, 58 N. Y. 126.

Charges 4, 6 and 7, requested by plaintiff, were rightly refused, because each of them ignores all testimony tending to prove contributory negligence.

Charge 3 was rightly refused, for two reasons: First, the record furnishes no testimony which enables us to affirm that a falsehood was introduced in evidence. True, defendant offered and introduced the admitted testimony of one witness, that he heard plaintiff make a certain declaration, while several other witnesses, having equal opportunity of hearing the declaration if made, testified they did not hear it. This probably cast on the jury the duty of weighing the testimony; but, without more, it could furnish no ground for the application of the rule invoked. " Cases of conflicting statement, or conflicting recollection, frequently occur; and it would be a dangerous precedent, as well as an unsound rule, to visit on the party whose side of the contest was sustained by the minority of the witnesses, the severe intendment which the law denounces against the suborner, or procurer of simulated or manufactured testimony."—*Beck v. State*, at present term. There is, however, another reason why this charge was properly refused. The defendant was not present when the alleged declaration was made; and if the statement of the witness was false, nothing is shown which tends to show defendant had knowledge of its falsity. The charge does not embrace knowledge in its hypothesis. If the statement were entirely false, the defendant was blameless, unless he had knowledge it was false.—*Childs v. The State*, 76 Ala. 93.

The second charge is too general and comprehensive in its terms. Carried to its extent, it would require of a suitor that he should produce all the witnesses, no matter how numerous they might be, who knew anything of the transaction; and failing to do so, to have the presumption indulged against him that such witnesses, if produced, would not support his right. There is a rule, and a just one, that if a party has a witness possessing peculiar knowledge of the transaction, and supposed to be favorable to him, and fails to produce such witness when he has the means of doing so, this, in the absence of all explanation, is ground of suspicion against him that such better informed testimony would make against him.—*McGar v. Adams*, 65 Ala. 106; *Kilgore v. State*, 74 Ala. 1; *Fincher v. The State*, 68 Ala. 215; 1 Greenl. Ev. § 82. This duty, however, rests with special force on the party who has the burden of proof;

[Carter v. Chambers.]

most generally on the plaintiff. The defendant may, and frequently does, rest his defense on what he considers the weakness of his adversary's testimony, as he interprets it, or on the exculpatory features it presents. He is under no obligation to aid the plaintiff in making out his case.—*McGar v. Adams, supra.* And we must not lose sight of the distinction between charges given and charges refused. If given, it is no ground of reversal, if the proposition be stated too broadly for some categories, provided it correctly asserts the rule as applicable to the testimony before the jury. Nor, if the tendency is to confuse, or mislead the jury, will this alone constitute reversible error. On the other hand, any one of these objections will justify the refusal of a charge which is obnoxious to them. *E. T., Va. & Ga. R. R. Co. v. Bayliss,* 77 Ala. 430; *McKleroy v. The State, Ib.* 95; *Union Ref. Co. v. Barton, Ib.* 148; *Tesney v. The State, Ib.* 33; *Hodges v. Coleman,* 76 Ala. 105; *O'Donnell v. Rodiger, Ib.* 222. The charge asked was too broad and sweeping in its terms, and for that reason, if for no other, the court did not err in its refusal.

The charge which has given us most trouble is numbered one, of those asked by the plaintiff, and refused. Its language is: "It is the duty of the driver of a carriage, when driving through the streets of a city, to keep his eyes open, and to see; and, if in his power, to avoid a collision with any person in the street; and if he did not keep his eyes open, and did not see, when he could have seen, this is negligence in the driver; and if he was driving rapidly through the street, this was culpable negligence. And if the collision with the plaintiff in this case was brought about by such negligence of the driver, without fault, at the time, of plaintiff, then the plaintiff is entitled to recover." We have preserved the punctuation as found in the transcript. Counsel on opposing sides are not agreed as to the interpretation of this charge. The appellee treats the clause, "and if he was driving rapidly through the street, this was culpable negligence," as an independent proposition, not shaded nor controlled by the preceding clause. Counsel for appellant, on the other hand, contend that the hypothesis of the first clause must be understood as pervading the second, and that the manifest meaning of the clause in controversy requires that we supply some word or words of reference, which will connect the two members of the sentence, and make them practically one. Thus interpreted, the contention is, that the clause should be read substantially as follows: "And if he was *thus* driving rapidly through the street," &c. We confess it is difficult to determine which of these renderings, if either, is so clearly right, as we can pronounce it unambiguous. That being the case, we must, in considering whether

[City Council of Montgomery v. Montgomery Water-Works.]

it was rightly refused, interpret it in that sense which is least favorable to the party invoking the instruction. This, we are required to do, under the rule stated above; and under another undisputed rule, that in interpreting doubtful language in bills of exceptions, we must adopt that meaning which is least favorable to the exceptor.—1, Brick. Dig. 251, §§ 120, 122. We are, therefore, forced to treat the clause as an independent proposition, asserting, as matter of law, that driving rapidly through the street is, *per se*, culpable negligence. Thus interpreted, the charge is too broad, and the court did not err in refusing it.

For the single error noted above, the cause is reversed and remanded.

CLOPTON, J., not sitting.