# MARSTON v. FORWARD.

1. When depositions of witnesses are taken as residing more than one hundred miles from the place of trial, the distance is to be computed by the usual and customary land route, although there is a more convenient, and therefore a more usual route of greater distance by the river.

2. When the want or failure of consideration of a note, as shewn by the defendant in an action, by the endorsee of a note negotiable and payable in Bank, it rests with the plaintiff to show that he gave value for it before its maturity, in order to obviate the defence.

Writ of Error to the County Court of Clarke county.

Assumpsit on a promissory note, dated 15th April, 1836, payable twelve months after date, to the order of Darwin Gibson, negotiable and payable at the Bank of Mobile. The note is signed by Forward, and endorsed in blank by Gibson. The suit is by Marston as indorsee.

At the trial, under the pleas of the general issue, and failure of consideration, the defendant offered to read the depositions of certain witnesses, taken under the act authorizing depositions to be taken when the witnesses reside more than one hundred miles from the place of trial. The plaintiff objected, on the ground that the witnesses did not reside so far from the place of trial; and the proof was, that from Macon, where the trial was had, to Mobile, where the witnesses resided, was less than one hundred miles; that there was a road sometimes used, by which the distance was not more than ninety-five miles, but the usual and common route was by the river, by which the distance was more than one hundred miles. The court overruled the objection, and held that the distance was to be computed by the usual travelling route. The defendant offered to impeach the consideration of the note, by showing that it was executed to Gibson, to be used only for the building of a boat intended to navigate the Alabama river. The plaintiff objected to this evidence unless the defendant proved that the plaintiff had notice of the failure of the consideration before he became the holder of the note. The objection was overruled and the evidence admitted.

The plaintiff then asked the court to charge the jury, that unless he had had notice of the failure of consideration of the note, before he became its holder, he was not affected by it. This was refused, and the plaintiff excepted to the several rulings against him.

It is now assigned that the court erred in these several matters.

BLOUNT, for the plaintiff in error.
PEARSON, contra.

GOLDTHWAITE, J.—1. The act of 1837, [Meek's Sup. 365, § 4,] which authorises the depositions of witnesses to be taken when they reside more than one hundred miles distant from the place where the court is held in which the cause is pending, must be considered as computing the distance by the usual and ordinary land route. We understand the contest in the court below was, whether the distance was to be computed by the river, that being the most usual, or by the land route, sometimes, but not usually travelled. The object of the statute was to relieve witnesses from the inconvenience of travelling more than one hun-

dred miles, but it does not follow that because there is a longer route, which is the most convenient, and therefore the most usually pursued, that the latter is to be selected to relieve the witness from travelling less than the distance indicated by statute. We think the court on this point erred.

2. As to the other question, the rule was correctly held by the court. It is obvious that it would always be difficult to trace direct notice to a holder of a note, of the fact of the want of consideration, or its failure. When therefore, a state of facts is proved, from which a failure of consideration is to be inferred, it rests with the holder to avoid the consequences of such proof, by showing that the note came to his hands for value paid for it before it was due. [Chitty on Bills, 8 ed. 79.] The rule formerly prevailed in England, in one of its courts, to require that the defendant should give notice of this defence in order to put the plaintiff on his guard, and such seems now to be the rule in New York. [Valett v. Parker, 6 Wend. 615.] We do not consider notice as necessary to let in such a defence; but if it was, the plea in this case was sufficient to put the party on his guard.

Judgment reversed and remanded.