## THOMPSON v. ARMSTRONG, USE, &c.

1. Although in general commercial paper in the hands of the holder imports a
   consideration as between the original parties to it, yet when it is shown, that it
   was made without consideration, or that it has been fraudulently and improperly
   put into circulation, the holder cannot recover without proving that he acquired
   the paper before it was dishonored, upon a valuable consideration.
2. A note payable to the cashier of a Bank in the hands of one who does not derive
   title from the Bank, imports on its face that it was made without consideration to
   be negotiated in Bank.

Error to the Circuit Court of Butler.

Assumpsit by the defendant in error for the use of John
Sutlif, on a promissory note, for *one thousand dollars*, pay-
able to Andrew Armstrong, cashier, or bearer, negotiable and
payable at the Branch Bank at Mobile, and purporting to be
made by Benjamin Fuller, the plaintiff in error, and George H.
Patillo.   Fuller and Patillo not being served with process, the
action as to them was discontinued.

The defendant pleaded *non est factum*, and the general is-
sue.

Thompson v. Armstrong, use, &c.

Upon the trial, the plaintiff introduced the note, and evidence tending to prove the genuineness of the defendant's signature.

The defendant proved that the note was in the form which had usually been made for discount at the Branch at Mobile, at the time of its date, but that the Bank had not discounted the note. Patillo was examined as a witness and swore that he never signed the note. Fuller also gave testimony that he had no recollection of signing the note, and did not know any thing about it. Another witness proved that he saw a note similar to this in the possession of Fuller about the time of its date. There was no proof that Sutlif had given any consideration for the note.

The Court charged the jury that if they found from the proof that the signature to the note was in the hand writing of the defendant they must find for the plaintiff; and this notwithstanding they should give full credence to the testimony of Patillo and Fuller; to which the defendant excepted, and which he now assigns for error.

Cook, for plaintiff in error. In this case the question is whether the evidence was sufficient to cast suspicion upon the note. The proof was clear that there was no consideration passing between the original parties. Between them the consideration may be always inquired into. [4 Johns. 296; 7 Id. 26; 17 Id. 301; 7 Cow. 3; 2 B. & Adol. 291.]

The unusual form and evident purpose of the note, was sufficient to put any one upon inquiry. [1 Ala. Rep. 641.]

The note was not negotiable, and therefore stands as a common note under the statute. The assignee cannot deprive the maker of his defence, although he may exclude the payee's admission after his possession accrued. The note is a *chose* in action, and the right of the plaintiff depends upon the right of the payee. [2 B. & Ad. 291.]

The note is not of itself proof of a consideration, when, as in this case, it appears to have been made for a different purpose; and the plaintiff should therefore have been required to prove a consideration paid for the note. [1 Stewart, 252, 273; 10 Wend. 314; 10 Johns. 198; 1 Ala. Rep. 568; 5 Id. 347; 1 Starkie, 14; 2 Id. 171.]

33

JUDGE, contra. All the questions now presented were settled by this Court when the cause was last here. The note itself imports a consideration, and defendant must show that the note was put in circulation by fraud or force before plaintiff can be called on to show how he came by it. [4 Ala. Rep. 613; 5 Id. 383; 6 Wend. 615; 10 Id. 86; 12 Id. 485, 523; 13 Id. 605.]

ORMOND, J.—This note being payable in Bank is by the statute made a commercial instrument and to be governed by the rules of the law merchant. The general rule is that mercantile paper in the hands of the holder, imports a consideration passing between the original parties. When, however, this presumption is repelled, and it is shown that the instrument is made without consideration, or has been fraudulently or improperly put into circulation, the holder will be required to prove that he gave value for the note, or bill, and that he acquired it before it was due, or he cannot recover. [Chitty on Bills, 79; Collins v. Martin, 1 B. & P. 650; Marston v. Forward, 5 Ala. Rep. 347; Wallace v. The Branch Bank, 1 Ala. Rep. 565.]

In this case, it appears, that the note was made without any consideration, for the purpose of being negotiated in Bank. This was indeed indicated by its form and peculiar structure, being payable to the cashier of the Bank, through whom no title was attempted to be derived. In addition, one of the makers of the note, swore, that he never signed it, and another, that he had no recollection of ever having seen it before. Under these circumstances, the plaintiff should have been required to prove that he gave value for the note, and that he acquired it before it was due. The case of Heath v. Sansom & Evans, 2 Barn. & Al. 291, was not so strong a case as the present, and yet the Court required the indorsee to prove that he gave value for the indorsement.

The parties went to trial upon the plea of *non est factum,* and the general issue. The Court charged the jury, that if they found that the defendant signed the note, they must find for the plaintiff. As the plaintiff had not proved that he gave a consideration for the note, or that he acquired it before it

was dishonored, by becoming due, he was not entitled to re-cover, even if the signature of the defendant was genuine. The charge of the Court, therefore, putting the case entirely upon the genuineness of the signature, was calculated to mislead the jury.

When this cause was here before, it went off mainly upon the admissibility of one of the *co-makers* as a witness, and the precise question here considered was not, though it might have been, passed on by the Court. It is manifest that the case has never been put before the jury on its true merits, the judgment must therefore be reversed, and the cause remanded.