## DODD v. KELLY.

### [65 South. 561.]

JUDGES. *Disqualification. Constitution* 1890, *section* 165, *Code* 1906, *section* 120.

Under Constitution 1890, section 165, and Code 1906, section 120, so providing, a chancellor is disqualified from presiding in a case where he is connected by affinity or consanguinity with parties to the proceeding, without the consent of all parties, and this is true whether his decision be right or wrong.

APPEAL from the chancery court of Attala county.

HON. J. F. McCOOL, Chancellor.

Petition by S. L. Dodd and others against C. C. Kelly and others. From an order denying complainant's motion requesting the chancellor to recuse himself from sitting in a trial, petitioner appeals.

The facts are fully stated in the opinion of the court.

*Flowers & Brown,* for appellants.

The disqualification relied upon is kinship to parties in interest. The chancellor admitted his relationship to parties in interest as charged but seemed to take the view that since he is not related to the corporation, The C. C. Kelly Baking Company, he is not disqualified. The said section of the Constitution was intended to deal with facts and not merely with theories, with substances and not with mere letters, and words. It was intended to forbid judges to sit in cases where their relatives are so situated as to be affected by the result of the litigation or by the manner in which the cause is dealt with.

Our court has had before it, only a few times, any question as to the qualification of a judge. In *Lemon* v. *Peyton,* 64 Miss. 161, it was urged that a member of the board of supervisors, who canvassed for and signed a petition for an election under the local option law, was disqualified to act on the petition when it came before the board. This court affirmed the judgment of the circuit court of Hinds county holding that the members of the board were not disqualified on the ground of interest. It was said that the interest which disqualifies a judge is pecuniary and not political. Page 170. The same kind of question as to interest was before the court in *Ferguson* v. *Brown,* 75 Miss. 214, and the court reached the same conclusion, to wit: That it is a pecuniary or property interest which disqualifies and not a political interest or one which a judge has in common with the community in general.

In *Kerby* v. *State,* 78 Miss. 175, the court held that Hon. Patrick Henry was not disqualified as judge to preside at the trial of Kirby on an indictment drawn while he was district attorney. *Metcalfe* v. *Bank,* 89 Miss. 649, presented only a question of the sufficiency of the pleadings with respect to the disqualifying interest of Chancellor Percy Bell. It was said that the record did not show that he was a party nor how he was interested.

The learned chancellor evidently did not have called to his attention, when the question of his disqualification was suggested, the broad judicial utterance of this court in *Y. & M. V. R. Company* v. *Kirk,* 102 Miss. 41. Here the court declares the spirit and substance of a constitutional provision, when it says that the word "party" does not mean simply a party to the record but included all persons who have an interest in the result. And in that case it was held that the word "party" included attorneys who had a contingent interest in the result of the trial; and that this interest of attorneys who were related to the presiding judge disqualified him, even though the judge did not know of such interest or what it was at the time the case was being tried.

There is no necessity to discuss further this question. The opinion in the Kirk case settles it. Prior to the decision of that case Chief Justice WHITFIELD acted upon the same construction of the constitutional provision when he recused himself in the case of *Hinds* v. *Shumaker,* 97 Miss. 669, 52 So. 705, because his son, A. H. Whitfield, Jr., was one of the attorneys for Shumaker and had a contingent interest in the recovery. And he had done the same thing in *Sively* v. *Sively,.* When the word "party" is defined to include all persons pecuniarily interested in the business before the court, our position is established and the chancellor's observation that he is no kin to the corporation is answered.

*R. H. & J. H. Thompson,* for appellant.

The appellants seek only to have this court decide whether or not Chancellor McCool should have recused himself on the facts made known by this record. The interest of a large part of the public, demands such a decision, and we submit, for the public good, this court should decide the question. We cannot understand why appellees should, if they do, object to a decision of the question. They surely do not wish to have their rights adjusted by a chancellor who is disqualified.

That Chancellor McCool was disqualified and erred in declining to recuse himself seems to us to be clear, when the case is considered in the light of Constitution of 1890, section 165, and the decisions of this court in the cases of *Nimocks* v. *McGehee,* 97 Miss. 321, 52 So. 626, and *Yazoo, etc., R. Co.* v. *Kirk,* 102 Miss. ——, 41 So. 710-834.

The brief of our associate so ably presents this feature of the case as to relieve us from argument touching it.

*Noel, Boothe & Pepper* and *J. A. Niles,* for appellees.

Appellants sought the hearing before Judge McCool when they filed their bill, sought to have him recused on February 16, and on February 17, sought a final hearing of this matter before him; and now cannot be heard to object to the decision of the court whose action it solicited.

The interest required to oust the court of its jurisdiction is not to be a mere possible contingent interest; not an interest in the question or general subject to which the matter requiring adjudication relates, but one that is visible, demonstrable and capable of precise proof. *Inhabitants of Northhampton* v. *Smith,* 52 Mass. 390; *Trustees of Internal Improvements Co.* v. *Bailey,* 10 Fla. 213. "The interest of a judge must be direct and immediate, not remote or contingent. Any other construction would be harsh, constrained, technical, and would, without any just reason, unnecessarily embarrass the administration of justice." *Peck* v. *Freeholder,* 20 N. J. L. 466; *Ellis* v. *Smith,* 42 Ala. 553.

A judge, who was a member of the chartered state bar association of Alabama, and whose fees to that association were liable to be taken for court costs, if adjudged against the association, can be compelled, by mandamus, to preside at the trial of a proceeding by the bar association, in its corporate name, to disbar an attorney. *Ex Parte State Association,* 12 L. R. A. 135-6.

A judge is not disqualified by reason of having once owned stock in the corporation which was a party to a suit before him, if he had sold the stock, although he might be liable to be sued for *ultra vires* acts done while a director of the corporation. *Nicholson* v. *Showalter*, 83 Tex. 99.

A judge is not disqualified on account of relationship to one who owns an interest in the property which is the subject of suit, but whose interest is not involved in the question then before the court. *In Re Dodge, etc.*, *M. F. G. Co.* (N. Y.), 33 Am. Rep. 579; *Hume* v. *Commercial Bank* (Tenn.), 43 Am. St. Rep. 290. The relationship of the judge to one summoned as garnishee does not disqualify him from hearing the main action. *Patterson* v. *Seeton* (Tex.), 47 S. W. 73, drainage district embracing his own land; 23 Cyc. 579; *In Re Ryers* (N. Y.), 28 Am. Rep. 88.

COOK, J., delivered the opinion of the court.

On the 14th day of February, 1914, the C. C. Kelly Banking Company made a general assignment for the benefit of its creditors, conveying all of its assets to R. E. Kelly and J. S. Niles as assignees. On the same date the assignees filed the following petition:

"To the Hon. Chancery Court of Attala County, Miss.:

"Your petitioners, R. E. Kelly and J. S. Niles, would show unto the court that the board of directors of the C. C. Kelly Banking Company on this day passed a resolution directing C. C. Kelly, the president of said bank, to execute and deliver to your petitioners a general assignment of all the assets of said bank, and that in pursuance of said resolution, same being filed herewith, marked 'Exhibit A' and prayed to be taken as a part of this petition, he executed, as president aforesaid, a general deed of assignment conveying to your petitioners all of the property of said bank, same being filed herewith as 'Exhibit B' and prayed to be taken as a part

of this petition; that in pursuance of said resolution and said deed, your petitioners have taken charge of the assets of said bank, and are now engaged in preparing to present inventories of same to this court, as required by law. Your petitioners are ready and willing and will at once execute a bond as the court may designate as such assignees. The premises considered, your petitioners pray that all persons interested, both creditors and stockholders of said bank, be made parties hereto, and that your petitioners be accepted as receivers and assignees of said bank, and as such authorized and directed to take charge of same, and administer its affairs as hereinafter directed by the orders of this court, said receivers to execute a bond in the penal sum of four hundred and thirteen thousand, twelve dollars and four cents, same to be approved by the clerk of the chancery court. Petitioners pray the court that said receivers be allowed fifteen days in which to prepare and file said inventories. And in duty bound petitioners will ever pray.''

On the same date the chancellor made the following order:

''State of Mississippi, County Attala.

R. E. Kelly and J. S. Niles v. C. C. Kelly Banking Company. No. 3137.

''The above cause this day coming on for hearing on petition of R. E. Kelly and J. S. Niles to be appointed as receivers of the C. C. Kelly Banking Company, and it appearing to the court that the said C. C. Kelly Banking Company have this day made a general assignment, to them for the benefit of its creditors without preferences, and it further appearing that they have taken charge of the property of said bank, it is ordered, adjudged, and decreed that they be and are hereby appointed as receivers of said bank, and as such they are directed to execute a bond conditioned according to law,

same to be approved by the chancery clerk in the penal
sum of four hundred and thirteen thousand, twelve
dollars and four cents, and it further appearing to the
court that a short time will be necessary for them to
prepare an inventory of the assets of said bank, they
are therefore granted fifteen days in which to prepare
and file same. Ordered, adjudged, and decreed on this
the 14th day of February, 1914.''

On the 16th day of February appellants filed a peti-
tion, which recited, among other things, the assignment
of the bank, and charged that the assignees by reason
of their relationship to the president and directors of
the bank, and because of their youth, inexperience, and
want of capacity were unfitted and disqualified to be
receivers. This petition prayed for the appointment of
E. Carr as receiver of the bank, and also prayed they,
the assignees, Kelley and Niles, be restrained from exer-
cising the functions of receivers and that all previous
orders of the court conflicting with this prayer be re-
scinded.

On the same day the assignees answered the petition
of appellants, denying generally the allegations thereof,
and praying that the petition be dismissed, and that they
be permitted to continue in the administration of the
bank's affairs. On the same day the assignees filed
another petition and asked the appointment of E. Carr
as coreceiver. On the same day the chancellor made an
order granting the prayer of the assignees for the ap-
pointment of E. Carr as coreceiver. Whereupon appel-
lants filed the following motion:

"Come the complainants in the above-styled cause, by
their attorneys, and ask the chancellor, Hon. Jas. F.
McCool, to recuse himself from sitting as chancellor in
the trial of the issues involved in this cause, for the
reason that said chancellor is disqualified under section
165 of the Constitution of the state of Mississippi to
preside, because he is connected by affinity and con-

sanguinity to the parties in this suit; that is to say:
First, because J. S. Niles, one of the parties appointed
by this court to act as receiver in connection with R. E.
Kelly, and to take charge of the estate of the C. C. Kelly
Banking Company, is connected by marriage in this:
That the said J. S. Niles is a nephew by marriage, being
a son of his wife's brother, and thus disqualified ex-
pressly by said section of the Constitution; second,
because J. N. Alexander, one of the defendants in this
suit is a brother-in-law to the presiding court, they
having married sisters, and said J. N. Alexander is a
stockholder and a member of the board of directors of
said defunct bank, and the uncle of said J. S. Niles;
third, because J. Niles Boyd, one of the defendants, is a
stockholder in said defunct bank, was a member of the
board of directors, and who signed the writing that put
said bank out of business, together with said J. N. Al-
exander, one making the motion and the other seconding
it, and in addition thereto the said J. Niles Boyd's
mother is a sister to the wife of the presiding court,
thus connected within the prohibited rule as provided
for by law. Because, in addition to the reasons above
given, J. Niles Boyd is indebted to the said defunct
bank in a large sum, supposed to be in excess of thirty
thousand dollars, and the court would be called on to
adjudicate rights vitally affecting the financial interest
of his wife's sister's son, the mother of J. Niles Boyd
being a sister to the wife of the court. Because the court
as a matter of law is disqualified to preside here and
determine the issues involved in this suit. Because D.
L. Brown is a brother-in-law of the chancellor, they
having married sisters, and said D. L. Brown, so we
are informed and believe, is a large depositor in said
bank of deposit, and his claims and rights will of neces-
sity have to be finally passed upon by the court. We
further say on information and belief that the wife of
the chancellor is a depositor or stockholder in said de-

funct bank.  We further say on information and belief
that Judge H. C. Niles is also a depositor in said de-
funct bank, and we say that he is related to the chan-
cellor; said chancellor having married his sister.
Wherefore they ask that said chancellor recuse himself,
to the end that another chancellor or court may be se-
lected as provided by law to hear and determine the
matters involved in this cause.''

The court, after hearing the same stated that the
relationship named as to kinship by affinity in the mo-
tion was substantially correct; that he was not related
to the corporation, and as to his interest or bias he knew
that he had no interest or bias, and was free to give a
fair trial to all parties involved.

''My wife has a deposit in that bank to the extent of
about five hundred dollars, but that will have no influ-
ence with me, as she has enough money in other banks
and real estate of her own that she does not spend the
income of her property; and I have an independent
income myself, and we have only one son, and he is
married, able to take care of himself.  I am not dis-
qualified, and believe I can give everybody a fair trial
in this case.  I know J. Niles Boyd is related to me, he
being a nephew of my wife in the manner set out in the
motion, and I am not blood kin to anybody connected
with the case; but as to him I understand he is solvent,
ready, and able to pay the bank all he owes them, and if
in the progress of the trial it shall develop that I am
disqualified I will excuse myself.''

After making the foregoing statement the chancellor
signed the following order:

''S. L. Dodd, T. P. Guyton, and Others, v. C. C. Kelly
and Others.  No. 3138.

''ORDER OVERRULING MOTION.

''Came on this day the motion of the complainants
in the above-styled cause asking the court to excuse

himself because of interest and relationship by affinity and consanguinity to the parties defendant in this cause, and the court having considered same, and being fully advised in the premises, overrules said motion. To which action of the court the petitioners excepted, and their exceptions were allowed; a special bill of exceptions being then prepared and signed and allowed. Ordered, adjudged, and decreed this the 16th day of February, A. D. 1914. JAMES F. McCOOL, Chancellor.''

It will be noted that the assignment was a general assignment for the benefit of creditors, and that the petition of the assignees was drawn in strict conformity to section 120, Code of 1906. The chancellor stated that his wife and other relatives were creditors of the bank, but he would not be influenced by that fact. The learned chancellor was no doubt entirely sincere when he made this statement. (It may not be amiss for the writer to say that he also believes the statement was the literal truth.) However impartial the chancellor may be in fact, we must look to the Constitution of the state for the standard by which the qualifications of a judge to preside in a given case is alone measured. Many cases, discussing the disqualification of judges to preside at the trial of causes may be found in the books; but it is unnecessary to look elsewhere for authority upon that subject, when the Constitution of this state, in clear and simple language, points out when a judge is disqualified. Nothing can be added to or subtracted from the standard of measurement provided by the organic law.

The chancellor in this case admits that he is connected by affinity or consanguinity with parties to the proceedings he was controlling, and, this being true, he was disqualified, unless all of the parties consented. The first clause of section 165 of the Constitution reads:

"No judge of any court shall preside on the trial of any cause where the parties or either of them shall be connected with him by affinity or consanguinity, or

where he may be interested in the same, except by the consent of the judge and of the parties."

There seems to be no room for construction and no need for interpretation of language so simple. The record discloses that the wife of the chancellor was a party to the cause, she being a creditor of the assignor, and section 120, Code of 1906, requires the assignor and all creditors "must be made parties to the petition." It is our opinion that the chancellor was disqualified and should have recused himself, and the fact that the chancellor appointed E. Carr receiver does not in any way remove the disqualification.

A judge who is disqualified to preside on the trial of any cause cannot make any decision therein, right or wrong, except by the consent of the judge and of the parties.

*Reversed.*