## Elmore County Bank *v.* Avant.

*Assumpsit.*

(Decided November 7, 1914. 66 South. 509.)

1. *Bills and Notes; Endorsee; Burden of Proof.*—Where it is shown that a bill is put in circulation by fraud, or that it is without consideration, the burden of proving payment of value is cast upon the endorsee.

2. *Same; Action by Endorsee; Pleading and Proof.*—Where the action is by the endorsee of a note, pleas setting up want and failure of consideration and fraud in the inception of the note, present a good defense although not alleging notice to the endorsee of the alleged infirmity.

3. *Same; Burden of Proof.*—Where an endorsee sues upon a note and proves that he purchased in due course of business, before

[Elmore County Bank v. Avant.]

maturity, and for value, the burden shifts to defendant of proving that when the endorsee acquired it, he had knowledge of the infirmities relied upon as a defense, or that he had notice of facts which if diligently followed up would have led to a knowledge of such defect.

4. *Same; Bona Fide Holder; Subsequent Notice.*—Where one acquires a note in due course of business, and for value without notice of any infirmity or defect, subsequent notice thereof to him or his agent would not be sufficient to defeat the commercial paper.

5. *Same.*—Under section 5011, Code 1907, an endorsee without actual knowledge of the infirmities or defects in the note, but with knowledge of facts, which if pursued, would have led to actual knowledge, was charged with such knowledge.

6. *Same; Bona Fide Holder; Value.*—An endorsee of a note who did not pay money for it, but issued a certificate of deposit, carrying interest, which certificate was immediately negotiated by the endorser, who was also the maker, and ultimately paid by the endorsee, was in the same position as if it had paid value for the note.

7. *Same; Certificate of Deposit.*—A certificate of deposit by which a bank agrees to pay a sum certain, together with interest thereon, is in effect a negotiable promissory note and commercial paper.

APPEAL from Coosa Circuit Court.

Heard before Hon. S. L. BREWER.

Assumpsit by the Elmore County Bank against J. G. Avant. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

HOLLOWAY & MCKENZIE, HILLIER & WESTON, S. J. DARBY, and JOHN W. BATSON, for appellant.

WILLIAM H. & J. R. THOMAS, for appellee.

MAYFIELD, J.—This action was on a negotiable promissory note, made by appellee and payable to himself, and indorsed in blank.

The first count was in code form, with claim for attorneys' fees, and declaration of waiver added.

The second and third counts, added by amendment —omitting allegations as to attorneys' fees, waiver of exemptions, etc.—were as follows: "(2) The plaintiff claims of the defendant the sum of $250 due by promis-

sory note made on the 3d day of September, 1912, payable to himself, with interest thereon at the rate of 7 per cent. per annum from the date thereof, to wit, 3d day of September, 1912, which said note is now the property of the plaintiff.

"(3) And the plaintiff further claims of the defendant the further sum of $250 due by promissory note made by him on the 3d day of September, 1912, payable to himself, with interest thereon at the rate of 7 per cent. per annum from the date thereof, which said note was indorsed by the defendant and delivered to the plaintiff in due course, and which said note is now the property of plaintiff."

To this complaint the defendant filed 17 pleas, which cover five pages of transcript paper. The substance of all these special pleas was: (1) That the plaintiff was not the owner, or holder, or transferee of the note sued on; (2) that there was no consideration for the note; (3) that there was a failure of consideration; and (4) that the signature of the defendant was obtained through fraud or deceit.

The facts alleged to show failure of consideration, and fraud and deceit, are in substance as follows: "That the signature of the defendant to the note sued on in the complaint was obtained by fraud, misrepresentation, and deceit, in this, that one L. E. Aymard represented to this defendant that he and his associates were going to organize a bank at the town of Equality, in Coosa County, Ala., that he desired this defendant to become one of the original stockholders, and that if this defendant would execute the note sued on in the complaint he would hold the same until said bank was established, at which time this defendant should pay into the capital stock of said bank the sum of $250 and receive stock in said bank of the value of

[Elmore County Bank v. Avant.]

$250, and this defendant says said bank has never been organized and he has never received stock of any amount in said bank."

The plaintiff demurred to each of the special pleas numbered from 8 to 17, and also moved to strike pleas 14 to 17 because the same were frivolous, prolix, and repetitions of other pleas. The defendant confessed the demurrer to plea 8, which plea does not appear of record. The court overruled the plaintiff's demurrers, and motion to strike, and these rulings are separately assigned as error, as to each plea.

The plaintiff then filed a general and a special replication. The special replication was in substance as follows: "For special replication to pleas 9, 10, 11, 12, 13, 14, 15, 16, and 17 separately and severally plaintiff says that the note, the foundation of this suit, is a commercial paper, complete and regular on its face, that the plaintiff purchased the same in good faith in the regular course of business, for value, before maturity thereof, and without notice of any defects of title or defense set up by defendant."

The authorities are not uniform as to the order of pleadings, and the burden of proof, in actions like the one at bar. The subject was discussed at some length and the authorities reviewed, by Walker, C. J., in the case of *Ross v. Drinkard,* 35 Ala. 434. It is there said:

"After this review of the law as recognized in England and in some of the other states, we come to our own decisions. This court has, as may be gathered from its decision in *Wallace v. Bank,* 1 Ala. 567, *Marston v. Forward,* 5 Ala. 347, *Thompson v. Armstrong,* 7 Ala. 256, and *Boyd & Macon v. McIvor,* 11 Ala. 822, unequivocally asserted that fraud in putting a bill in circulation, or the want or failure of consideration, would cast upon the indorsee the burden of proving

the payment of value. Neither the opinion in *Pond v. Lockwood,* 8 Ala. 674, nor *Minell v. Read,* 26 Ala. 730, is in conflict with those decisions. The former of those cases discusses the question as to what are the rights of a holder for value, but does not touch the question of the onus of proof as to the valuable consideration payment made to the payee of a note after its indorsement. It is very clear that the presumption in favor of the payment of value by the indorsee could not be affected by anything which might transpire between the original parties to the note or bill after its indorsement."

The above case was quoted in the case of *Bank v. Halsey,* 109 Ala. 297, 19 South. 526, where, speaking directly to the sufficiency of please like please 9 to 17 in this case, touching allegations of notice to the payee of defenses to the note, it was said: "The further objection taken by the demurrer to these pleas, that they do not show that plaintiff had any notice of this infirmity of the original note, is in point of fact well grounded—the pleas do not show such notice—but in point of law the objection is untenable. Prima facie, the pleas, without averment of such notice, presented a good defense, and put it upon plaintiff to reply that it purchased the note in good faith, for value, before maturity, and without notice of the alleged infirmity. —*Ross v. Drinkard's Adm'r,* 35 Ala. 434; *Gilman Sons & Co. v. New Orleans & S. R. Co.,* 72 Ala. 566, 582; *Mayor v. Wetumpka Wharf Co.,* 63 Ala. 611, 632; *Johnson v. Hanover Bank,* 88 Ala. 271 [6 South. 909]." *Tatum v. Bank,* 185 Ala. 249, 65 South. 561.

The order of pleadings when the plaintiff relies upon the law merchant was stated by this court in the case of *Slaughter v. Bank,* 109 Ala. 157, 162, 19 South. 430, 432. It is there said: "If the plaintiff desires to in-

[Elmore County Bank v. Avant.]

voke the protection of the law merchant, it should interpose its replication, properly presenting the facts. None of the pleas can be taken as confessing that plaintiff was a bona fide purchaser of the note, before maturity, for value, without notice of the defenses set up, for the reason that the complaint while averring the other essentials, fails to aver that plaintiff purchased without notice of any equities or defenses. Whilst the proof of such notice to plaintiff, when, upon proper pleading and proof, it is shown that it purchased before maturity for value, must come from the defendants, yet it is necessary for plaintiff to aver, with the other facts, the want of notice, which should, regularly, be done in its replications to the pleas, and not in the complaint."

It therefore appears that the proper order of pleading the law merchant was pursued in this case, and that there was no error in overruling plaintiff's demurrer to the special pleas for that they did not show that plaintiff acquired the note with knowledge of defendant's equities or alleged defenses; and that the trial court properly put the plaintiff to his replications in order to raise such issue. It is true this does not appear to be a thoroughly logical order of pleading; but it is sufficient to say that, so far as this state is concerned, "Ita lex scripta est." While the plaintiff is required to reply that he is a bona fide purchaser for value without notice, yet if he proves that he purchased in due course of trade, before maturity, and for value, then the burden shifts to the defendant, to prove that plaintiff, when he acquired the paper, had knowledge of the infirmity or defense relied on in the plea, or that he had notice of facts which, if followed up with proper diligence, would have led to knowledge of such defense. If, however, the plaintiff should allege in his

complaint the same facts required to be alleged in his replications, in the way of anticipating the defense, then of course pleas like those filed in this case would not be good, because not an answer; but, as pointed out in the opinion quoted, the orderly and usual way is by special pleas and special replications. Still, the practice is different in some of the other states as may be seen by an examination of the text-books on the subject.

It follows that there was no reversible error in the rulings on the pleadings. It does seem to us, however, that the pleas are entirely too numerous, and some of them entirely too lengthy; and that the issues would be simplified by boiling down the pleadings.

The trial court did fall into error, however, in its rulings on the evidence. The court allowed the defendant to prove that the agent of the plaintiff acquired notice of the defenses to the note after the plaintiff had acquired it in due course of trade. This was error. The plaintiff bank in this case was not chargeable with notice which its agent received after it had acquired this note. If the plaintiff had been an individual, and had acquired notice of these defenses immediately after it acquired the note in due course of trade, and after it had parted with the consideration, the notice would not be binding on it, or would be no defense to this action.

Of course, if the plaintiff had had no actual knowledge of the infirmities or defenses, but had had knowledge of other facts which, if properly pursued, would have led to actual knowledge of the defenses before it acquired the note, this would be sufficient to charge it, the same as if it had had actual knowledge; but no such facts were proven or attempted to be proven in this case. The only notice or knowledge attempted

to be shown, against this plaintiff, was notice or knowledge brought home to it after it acquired the note and had parted with the consideration.

We now have a statute on the subject which reads as follows: "To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith."—Code, § 5011.

Of course, when some of the proof was offered, it did not appear whether it was as to a time before or after plaintiff acquired the note; but it subsequently appeared that it referred to a time after plaintiff acquired the note and had parted with the consideration. We find no evidence whatever to charge the plaintiff or any of its agents with bad faith in the making or the negotiation of the note; nor any to show that plaintiff had notice or knowledge of any of the defenses set up to this note, when it acquired the paper and parted with the consideration. The record has been carefully and repeatedly read, to see if there was any evidence of such prior knowledge or notice, sufficient to charge the plaintiff. For this reason the trial court should have given the affirmative charge for the plaintiff as it requested.

It is true that the plaintiff bank in this case did not pay money for the note when it acquired it, but it parted with value; that is, at that time—contemporaneously with the acquisition of the note—it issued a certificate deposit, by which it agreed to pay interest thereon. Such certificates are in effect negotiable promissory notes.—*McCully v. Cooper,* 114 Cal. 258, 46 Pac. 82, 35 L. R. A. 492, 55 Am. St. Rep. 66; *Talla-*

*dega Co. v. Woodward,* 44 Ala. 287; *Renfro v. Bank,* 83 Ala. 425, 3 South. 776.

This case is clearly distinguishable from the cases of *Alabama Grocery Co. v. Bank,* 158 Ala. 143, 48 South. 340, 132 Am. St. Rep. 18; *Dreilling v. Bank,* 43 Kan. 197, 23 Pac. 94, 19 Am. St. Rep. 126. In this case a certificate of deposit was issued by the bank, promising to pay, on a certain date, with interest. This was a negotiable note, commercial paper, just the same as the note here sued on, and the evidence without dispute shows that it was immediately negotiated by the holder, and was ultimately paid by the plaintiff. After it was negotiated, the plaintiff could not have defended a suit by a subsequent holder. In this case, certainly, after the original holder had negotiated his certificate of deposit this plaintiff was in the same position as if it had paid the holder value for the note in question.

So far as the present record is concerned, we are of the opinion that all the evidence—that offered by the defendent as well as the plaintiff—shows that the plaintiff was a bona fide holder of the note in due course of trade; and that plaintiff was entitled to the affirmative charge.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and DE GRAFFENRIED, JJ., concur.