(78 South. 73)

NEILL v. CENTRAL NAT. BANK.
(8 Div. 60.)

(Supreme Court of Alabama. Nov. 15, 1917. Rehearing Denied Jan. 24, 1918.)

1. PLEADING ☞252(1)—AMENDMENT — COMPLAINT.

Amendment of complaint relates back to the original complaint; nothing to the contrary appearing.

2. APPEAL AND ERROR ☞1040(1)—HARMLESS ERROR—RULINGS ON PLEADINGS.

Sustaining demurrers to defendant's rejoinders is not reversible error; the facts there set up, if available, being provable under his general rejoinder.

3. BILLS AND NOTES ☞353—BONA FIDE PURCHASER—CONSIDERATION.

Issuance of interest-bearing time certificate of deposit is sufficient consideration to make one a bona fide purchaser of notes.

4. BILLS AND NOTES ☞334—BONA FIDE PURCHASER—"NOTICE OF INFIRMITY."

Correspondence relative to other notes before execution of the note in question *held* insufficient to constitute notice of infirmity therein, within Code 1907, § 5011, to purchaser thereof.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Notice of Infirmity.]

Appeal from Circuit Court, Morgan County; R. C. Brickell, Judge.

Assumpsit by the Central National Bank against J. F. Neill. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

The original complaint claimed the sum of $500 due by defendant to plaintiff, payable six months after date, to the order of defendant, and plaintiff avers that defendant duly indorsed said note, and that the same, with interest thereon, is now due and unpaid. The complaint was later amended by adding the averment: "The note sued on is the property of plaintiff." Defendant replied, setting up fraud and misrepresentation of the agent of the Pep-to-Lac Company in the procurement of the note. Plaintiff replied that the note sued on was acquired by plaintiff before maturity in due course of trade for a valuable consideration, and that at the time plaintiff parted with the consideration to said note it had no knowledge or notice of the defenses asserted in any of the pleas. The substance of the rejoinder was that plaintiff acquired the note in connection with a large number of other notes, executed by a large number of people living in Morgan county, Ala., and that plaintiff paid no money in the purchase of said notes, but in payment thereof executed and delivered to the Pep-to-Lac Company its time certificate of deposit, bearing interest at the rate of 3 per cent., and payable 12 months after date, and that plaintiff understood at the time it purchased all of said notes that they were executed by the various makers in payment of stock purchased through the Pep-to-Lac Company, and that plaintiff required this note, together with all the other notes to be indorsed by W. H. Aycock and B. S. Looney, before purchasing the same, which indorsement was required for the better securing of payment of the various notes. The financial standing of the indorsers of said notes was relied upon in whole or in part, and was the inducement in whole or in part for the purchase of the note, and defendant avers that plaintiff acquired such note by exchanging its note bearing 3 per cent. interest for the note in the suit. The letters referred to as having passed between the Central National Bank and John R. Sample were first from the bank to Sample, advising him that the agent of the Pep-to-Lac Company had requested them to discount his note, and if there was no verbal agreement that "will keep you from paying the note when due, we will appreciate your signing the statement herewith written." The answer disclosed that this note was given as a purchase price of stock in the corporation upon certain representations as to the financial condition of the company, and as to the present amount of business being done; also upon representation as to the amount of profits the company would make this year for distribution among the stockholders. "I executed the note in lieu of paying cash, in order that I might have sufficient time to ascertain whether or not these representations were true."

Sample & Kilpatrick, of Cullman, for appellant. E. C. Nix, of Albany, and Callahan & Harris, of Decatur, for appellee.

ANDERSON, C. J. [1] Whether the complaint was or was not sufficient before amendment, the plaintiff amended same so as to meet any meritorious ground of the demurrer. Appellant's counsel insist, however, in argument, that the count as amended does not state when the plaintiff became the owner, whether at the time of the amendment or the bringing of the suit. The amendment relates back to the original complaint, nothing to the contrary appearing. Moreover, no

demurrer was interposed to the complaint after the amendment.

[2] The trial court did not commit reversible error in sustaining the demurrer to the defendant's rejoinders, as the facts there set up, if available at all, were provable under the general rejoinder.

[3] The issuance of the certificate of deposit was sufficient consideration to constitute plaintiff a bona fide purchaser. Elmore County Bank v. Avant, 189 Ala. 418, 66 South. 509.

[4] It is insisted by the appellant's counsel that the trial court erred in giving the general charge for the plaintiff, for the reason that the correspondence between the bank's cashier and Sample was sufficient to afford an inference that defendant bank was put upon inquiry that the maker had a defense to the note.

"To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity * * * or knowledge of such facts that his action in taking the instrument amounted to bad faith." Code, § 5011; Elmore Bank v. Avant, supra.

The correspondence between the cashier and Sample did not disclose anything which even indicated any infirmity in the note in question or which showed bad faith upon this bank in purchasing the same without making inquiry of the maker. The correspondence could not have related to the note in question, or to a batch of notes to which it belonged and with which it was purchased, as the Sample note was dated May 13th, the letters May 23d and 25th, and the note in question was not executed until June 19th.

The judgment of the circuit court is affirmed.

Affirmed.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.