(80 South. 449)
KENNER v. ALMON et al. (8 Div. 46.)

(Supreme Court of Alabama. Nov. 21, 1918. Rehearing Denied Dec. 21, 1918.)

1. BILLS AND NOTES ⊜497(2)—PLEADING—BURDEN OF PROOF.

If plaintiff, assignee of note, proved he purchased for value before maturity as he alleged, then, notwithstanding he was required to take up burden of allegation as to notice of defenses alleged, burden of proof as to that fact shifted to defendant.

2. PLEADING ⊜173 — REPLICATIONS TO DIFFERENT PLEAS—SUFFICIENCY.

Demurrers to special replications, original and amended, were properly sustained, where to the matter of defense set up in some of the pleas the replications were wholly inapt, while to which of the pleas they were addressed was not made to appear.

3. EVIDENCE ⊜434(11)—PAROL EVIDENCE AFFECTING WRITING—FRAUD.

Fraud in sale of jack was not merged in written contract, and, in action for purchase money, parol evidence of fraud or misrepresentation was admissible on behalf of defendant buyer.

4. EVIDENCE ⊜427—PAROL EVIDENCE AFFECTING WRITING—TELEPHONE CONVERSATION.

In action by seller's assignee on note given for price of jack, defendant buyer's evidence as to telephone conversation, which the jury might have inferred was between him and one of the seller firm, which assigned to plaintiff, relevant to the questions in issue, was not inadmissible because contract of sale had been reduced to writing.

5. SALES ⊜52(4)—FRAUD—EVIDENCE.

In action on note for price of jack, assigned to plaintiff, defense being fraud by seller, of which plaintiff had notice, proof of a very great disparity between real value of jack and agreed price held admissible to establish fraud.

6. BILLS AND NOTES ⊜509—ACTION BY ASSIGNEE—NOTICE OF EQUITIES—EVIDENCE.

In action on note for price of jack, defended for fraud by seller of which plaintiff assignee had notice, evidence that ink in which indorsement to plaintiff was written was fresh on a particular date held admissible to show untruth of plaintiff's testimony note had been indorsed to him before maturity.

Appeal from Circuit Court, Lawrence County; Robert C. Brickell, Judge.

———

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Action by W. D. Kenner against Thomas F. Almon and another. From a judgment for defendants on their demurrers, plaintiff appeals. Affirmed.

Sample & Kilpatrick, of Cullman, for appellant.

Tennis Tidwell and D. O. Almon, both of Albany, for appellees.

SAYRE, J.   Action by the assignee of a negotiable promissory note; the complaint alleging that plaintiff had purchased for value before maturity. The defense interposed by pleas 5, 6, A, and B was, roughly speaking, that the note had been given for the purchase of a jack—short for jackass—with certain warranties which had been breached. Demurrers to the pleas aforementioned having been overruled, plaintiff replied that he had had no notice of the alleged matter of defense, and other special replications denominated and numbered 3A, 4, and 5. To the aforesaid special replications, except as answers to plea A, demurrers were sustained. Replications 3A, 4, and 5 were then amended, and demurrers to them as amended were sustained. Plaintiff appeals.

[1] As to the pleas the court followed the procedure approved in Elmore County Bank v. Avant, 189 Ala. 418, 66 South. 509. Plaintiff suffered no inconvenience, was required to carry no greater burden of proof, by reason of the fact that the course of pleading made it necessary for him to reply that he had no notice, for, if he proved that he purchased for value before maturity, as alleged in the complaint, then, under our decisions, notwithstanding the plaintiff was required to take up the burden of allegation as to notice, the burden of proof as to that fact shifted to defendant. We do not understand that Sherrill v. Merchants' & Mechanics' Trust & Savings Bank, 195 Ala. 175, 70 South. 723, holds to the contrary. That case did not deal with the precise question here presented.

[2] The demurrers to the special replications above mentioned, original and amended, were properly sustained. To which of the several pleas these replications were addressed was not made to appear by the replications filed. To the matter of defense set up in some of the pleas these replications were wholly inapt. Other of the pleas set up false representations on the part of the plaintiff's assignor as an inducement to the contract of purchase. If plaintiff was not a purchaser without notice—and these replications failed to allege that he was, and so he stood on no higher ground than would his assignor, had his assignor brought the suit—defendant's breach of the conditions alleged could avail plaintiff nothing, because in no event could plaintiff's assignor recover on a contract induced by fraud.

[3] There was evidence from which the jury were authorized to find that plaintiff did have notice of the defense interposed. On account of its inherent weakness, extreme improbability, and some circumstantial facts besides, which weighed heavily against plaintiff's contention, the jury were justified in finding that the entire response to the defense was fabricated for the occasion and untrue. There was no error, therefore, in refusing the general charge, requested in several forms by plaintiff. Nor was the fraud alleged merged in the written contract induced by it. The fact that the contract between the parties was evidenced by an instrument in writing did not preclude the admission of parol evidence of fraud or misrepresentation. Brenard Mfg. Co. v. Jacobs, ante, p. 7, 79 South. 305.

[4] From the evidence in respect to the telephone conversation to which the defendant Almon testified the jury may have inferred that the other party to the conversation was one of the firm by whom the note in suit was alleged to have been assigned to plaintiff. What was said in that conversation was material and relevant to the questions at issue, nor was proof of it precluded by the fact that the contract for the sale of the animal had been reduced to writing.

[5] Proof of a very great disparity between the real value of the animal and the agreed purchase price—a disparity so great as hardly to consist with an honest purpose in making the representations and warranties alleged—was properly admitted as tending to establish fraud. For this reason appellant, plaintiff, can take nothing by his thirty-sixth, thirty-seventh, and thirty-eighth assignments of error.

[6] The circumstance that the ink in which the indorsement to plaintiff was written was fresh in December, 1914, as testified by the witness Almon, tended to show the untruth of plaintiff's contention and testimony that the note in suit had been indorsed to him before maturity, especially so in connection with the fact that plaintiff lived and did business several hundred miles away from the place where the note then was. There was no error as to this.

The evidence tended strongly to sustain the defendant's case, and the court committed no error in overruling the motion for a new trial.

Affirmed.

MAYFIELD, GARDNER, and THOMAS, JJ., concur.