(101 So. 753)

SPIRES et al. v. JONES et al. (6 Div. 19.)

(Supreme Court of Alabama. Nov. 6, 1924.)

1. **Bills and notes ⬅354—Purchase of note for less than face value is not notice, unless consideration is nominal.**

That a note is purchased for an amount less than its face value, or that an unusually large discount is accepted, is not of itself sufficient to charge purchaser with notice of existing equities unless consideration is merely nominal.

2. **Bills and notes ⬅525—When inadequacy of consideration in purchasing note authorizes finding of bad faith.**

Inadequacy of consideration in purchasing a note is fact to be considered by jury as evidence of bad faith, and may, with suspicious circumstances, authorize finding of bad faith, especially if consideration is grossly inadequate.

3. **Bills and notes ⬅497(2)—Burden on makers to show actual bad faith of transferee at time of purchase, or when he made payments to payee.**

Burden was on makers to show actual bad faith on part of transferee at time of his purchase of notes from payee, or at least at the time he made payments to payee for the notes.

4. **Bills and notes ⬅337, 343—Disregard of suspicious circumstances is not sufficient to infer bad faith in acquiring note by negotiation; knowledge of possible intention of payee to default on executory contract is not bad faith.**

A disregard of circumstances which might merely arouse suspicions of a prudent and dis-

cerning man is not enough to justify inference of bad faith in acquiring note at least where suspicion relates only to fraudulent but invisible state of mind of transferor to become operative in future, such as payee's intention to default on his executory building contract with makers of note.

**5. Bills and notes ☞354—Facts held not to show bad faith of transferee in purchasing note at discount.**

Transferee who purchased notes of face value of $646.50 from payee, at a discount of $100, paying $261.50 as first payment on note, balance to be paid as building progressed *held* not guilty of bad faith in acquiring the notes.

**6. Bills and notes ☞363—Transferee purchasing note on installment plan held entitled to amount paid payee before receiving notice of infirmity, with interest from date of payment.**

A transferee who in good faith purchased a note from payee on installment plan was entitled to collect from makers the amounts paid to payee before receiving notice of infirmity of note, with interest from date of such payment, in view of Code 1923, § 9080; Code 1907, § 5009.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by John Jones and Bettie Jones against Reese J. Spires, Walter C. Hayden, and W. T. Hayden. From a decree for complainants, respondents appeal. Reversed and remanded.

It is alleged that complainants John and Bettie Jones entered into a contract with Reese J. Spires under the terms of which Spires was to repair a house for complainants for the sum of $796.50, of which $150 was presently paid, and notes, secured by a mortgage on the realty, for the balance were executed; that Spires in no way complied with the contract, but, as complainants believe, absconded; that complainants are informed that respondents Walter C. Hayden and W. T. Hayden claim to be the owners of said notes and transferees of the mortgage.

The bill further alleges:

"Complainants aver that the said Walter C. Hayden was the attorney for the said Reese J. Spires and prepared the said contract hereinabove set out, and that W. T. Hayden is his father and business associate; and complainants aver that they are informed and believe, and upon such information and belief aver, that the said Walter C. Hayden and W. T. Hayden paid no consideration for said notes, or, if a consideration, a grossly inadequate consideration, or, if he paid consideration, that they had notice or knowledge that said contract by the said Reese J. Spires was made by the said Spires with no intention to perform the same, but to defraud these complainants, or with notice that at the time of the transfer of said notes that no consideration had passed from the said Spires to the said complainants for

notes, and that there were reasonable grounds to believe that there would never be any consideration from the said Spires, and that the said Walter C. Hayden and W. T. Hayden are not innocent purchasers for value of said notes."

In conclusion it is averred, upon information and belief, that the respondents Hayden can transfer the notes to an innocent purchaser for value, and that they are about to so transfer the same.

It is prayed that respondents Hayden be restrained by injunction from transferring or assigning the notes, foreclosing the mortgage given as security therefor, or interfering with complainants' possession of the premises involved; that the contract, notes, and mortgage be declared null and void; and that respondents have no lien, incumbrance upon, or interest in the premises or debt or obligation due by complainants.

Respondents Hayden filed answer and cross-bill, asserting that W. T. Hayden is an innocent purchaser for value of the notes in question, having purchased the same (with the mortgage) in due course of business for the sum of $336.50; and foreclosure of the mortgage is prayed.

There was decree pro confesso against respondent Spires.

By final decree the trial court adjudged the cancellation of the mortgage and notes, and that respondents take nothing by their cross-bill, and decreed recovery by complainants from respondent Spires of $150.

Stokely, Scrivner, Dominick & Smith, Hayden & Hayden, and Frank Bainbridge, all of Birmingham, for appellants.

Payment of less than the face value of paper does not establish bad faith. Randle v. Walker, 17 Ala. App. 211, 84 So. 551; Bernheimer v. Gray, 201 Ala. 462, 78 So. 840; Woodall v. People's Bank, 153 Ala. 576, 45 So. 194; King v. People's Bank, 127 Ala. 266, 28 So. 658. Fraud in the inception is no defense as against a bona fide holder. Tatum v. Comm. Bank & Tr. Co., 185 Ala. 249, 64 So. 561; Norris v. Merchants' Bank, 2 Ala. App. 434, 57 So. 71. Partial or total failure of consideration is likewise no defense. Bledsoe v. City, etc., Bank, 7 Ala. App. 195, 60 So. 942; Bank of East Chatta. v. Clayton, 206 Ala. 518, 90 So. 899; Code 1907, § 4983.

Beddow & Oberdorfer, of Birmingham, for appellees.

Appellants' knowledge of the facts was sufficient to preclude them from protection as innocent purchasers. The burden was on appellants to show good faith. Farley v. Baldwin, 201 Ala. 197, 77 So. 723; 3 R. C. L. 1041; De Shazo v. Lamar, 17 Ala. App. 392, 85 So. 587; 8 C. J. 495.

SOMERVILLE, J. In Strand v. Fox, 205 Ala. 183, 185, 87 So. 332, 335 (14 A. L. R. 1121), it was observed that—

"The authorities are numerous and practically harmonious to the proposition that the mere knowledge by an indorsee of negotiable paper that it was founded upon an executory contract, the breach of which may avoid the obligation as between the original parties, is not notice of an infirmity which will alter his status as a holder in due course."

[1] The complainants do not deny this principle of law, but ground their impeachment of the bona fides of Hayden's holding of the notes upon two matters of fact: (1) He paid only $261.50 for notes of the face value of $646.50; and (2) under the circumstances shown Hayden was charged with knowledge of Spires' intention to default on his building contract with complainants, and to defraud them by converting the notes into cash—to which action Hayden was therefore a conscious party.

[2] "The mere fact that a note is purchased for an amount less than its face, or that an unusually large discount is accepted, is never of itself sufficient to charge the purchaser with notice of existing equities, unless the consideration is merely nominal. However, inadequacy is always a fact to be considered by the jury as evidence of bad faith, and may, with suspicious circumstances, authorize a finding of bad faith, especially if the consideration is grossly inadequate." 8 Corp. Jur. 508, § 717. This is, of course, a corollary to the general rule that negotiable paper may be bought and sold like any other chattel at its real or supposed value, and the transfer of such an instrument at a discount greater than the legal rate of interest does not deprive the transferee of the protection of a bona fide purchaser for value. Woodall v. People's Bank, 153 Ala. 576, 45 So. 194; King v. People's Bank, 127 Ala. 266, 28 So. 658; 8 Corp. Jur. 486, § 701.

[3] The consideration promised to be paid by Hayden to Spires for the purchase and transfer of the notes in question was $546.50, and the face of the notes was $646.50, payable in 26 monthly installments of $25 each. Of this amount $200 was paid to Spires on the day of the transfer, April 18, 1921, and $61.50 was paid to him two days later; the agreement being, according to Hayden, that the balance should be paid as Spires needed it in the progress of his work for complainants. Spires bought a load of lumber (on credit) on April 19, and had it hauled to complainants' premises, and abandoned his contract and disappeared from Birmingham apparently about April 21. Hayden made no further payments to Spires, but charged against the amount of the purchase money due him the sum of $75 due from Spires to Hayden on account of money advanced to Spires on a former occasion, and for which Spires had given him a check which was dishonored by the drawee bank.

Under these circumstances, the comparatively modest discount of $100 on the face of the notes is a factor of little or no weight in determining the good faith vel non of Hayden in his purchase of the notes. The burden of proof was on complainants to show actual bad faith on the part of Hayden at the time of his purchase, or at least at the time he made the payments to Spires. Elmore County Bank v. Avant, 189 Ala. 418, 66 So. 509; Sample v. Tennessee Bank, 200 Ala. 578, 76 So. 936; Bruce v. Citizens' Nat. Bank, 185 Ala. 221, 64 So. 82.

The argument for complainants is that Hayden's knowledge that Spires was impecunious, and unable to finance his building operations without aid, and especially his knowledge that Spires' check for $75 had been formerly refused payment by the drawee bank, sufficiently informed Hayden of a fraudulent intention on the part of Spires to get the money due him from complainants and then abandon his contract. It is suggested also, as an aggravating circumstance, that Hayden entertained the design of salvaging out of the transaction the amount of the dishonored check still due to him from Spires.

[4, 5] But, however great the hardship inflicted on these complainants by the knavish conduct of Spires, we are unable to reach a satisfactory conclusion from the evidence that Hayden was guilty of bad faith when he bought the notes. There was at that time nothing to affect their validity, nor would any sort or degree of inquiry have discovered anything, so far as the evidence shows. The only alternative finding that could meet the requirements of complainants' case would be, either that Hayden was an aider and abettor of Spires' fraudulent design, if it existed; or else that he was bound to know, from the conditions stated, that such a design was entertained, and that his purchase of the notes would promote its execution. But circumstances which might merely arouse the suspicions of a prudent and discerning man are not enough to justify an inference of bad faith if they are disregarded—at least where the suspicion relates only to a fraudulent but invisible state of mind to become operative in the future.

[6] Our conclusion is that complainants are entitled to relief against Hayden only to the extent of the excess face value of the notes over and above the amount actually paid by Hayden to Spires; and that Hayden is entitled to collect on these notes that amount, viz., $261.50, with interest from the date of payment. Code 1923, § 9080; Code 1907, § 5009.

The decree of the circuit court will be re-

versed, and the cause will be remanded for further proceedings in accordance herewith.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.