140 So. 432

## FUTVOYE et al. v. CHUITES et al.

### 3 Div. 968.

Supreme Court of Alabama.

Jan. 21, 1932.

Rehearing Denied March 31, 1932.

Stevens & Heidelberg, of Hattisburg, Miss., Leon G. Brooks, of Brewton, and Jones & Jones, of Evergreen, for appellants.

Harry T. Smith & Caffey, of Mobile, for appellees.

BROWN, J.

Special assumpsit by appellees against appellants claiming damages for the breach of a contract entered into by the parties on the 28th day of March, 1929, in which the plaintiffs undertook and engaged to cut, haul, and deliver "on the ramp or in the pond" at the defendants' mill, all the timber located on two specified tracts of land in Conecuh county, at the rate of not less than 20,000 to 30,000 feet of logs per day at a stipulated price of $6 per thousand log measure, the plaintiffs to furnish the necessary equipment for cutting and delivering the logs at the mill.

The trial resulted in a verdict and judgment for the plaintiffs, from which defendants have jointly appealed and jointly assigned errors.

The defendants Paterson and the Futvoye-Paterson Company joined in a demurrer to the complaint and the defendant Futvoye filed a separate demurrer thereto, all of which were overruled. The first three assignments of error are predicated on overruling the defendants' demurrer to the complaint.

The appellees insist that the overruling of the demurrer of Paterson and the Futvoye-Paterson Company is no concern of Futvoye, and vice versa, that the right of Paterson and Futvoye-Paterson Company was not impinged by the ruling on the demurrer of the other defendant, and hence appellants can take nothing by these assignments.

It has been the long-settled rule that a joint assignment of errors is unavailing to reverse, unless the ruling complained of is prejudicial to all joining in the assignment. Cleveland & Wife v. Alba, 155 Ala. 468, 46 So. 757; Home Guano Co. et al v. State ex rel. Pike, 193 Ala. 548, 69 So. 419; Shelby Iron Co. et al. v. Morrow, 209 Ala. 116, 95 So. 370.

The defendants' plea 5 alleges nothing more than that defendants complied with the stipulation in the contract to furnish to the plaintiffs "all necessary rails and spikes for the laying of two and three-fourths miles of tram road and four logging cars," and have paid plaintiffs for the logs cut and delivered.

Neither of the counts of the complaint claims damages for failure to furnish such equipment, nor do they claim any part of the stipulated price for logs cut and delivered. The plea, which is one of confession and avoidance, does not undertake to answer the plaintiffs' allegation that defendants "stopped and prevented" the plaintiffs from fully per-

forming the contract, the gravamen of each of the counts. 6 R. C. L. 1020, § 381. The plea was therefore bad, and the demurrer was sustained without error.

The appellants' treatment of assignments of error 5 and 6 is not sufficient, under the repeated rulings here, to invite consideration and treatment of these assignments. As to assignment 5, they say: "The court should have sustained defendants' demurrer to plaintiffs' replication No. 2, as the matters set up therein were mere conclusions of the pleader, and no facts are averred on which to base such conclusions." The same treatment is accorded assignment 6. Louisville & Nashville R. Co. v. Morgan, Adm'r, 114 Ala. 449, 22 So. 20; Williams v. Spragins, Buck & Co., 102 Ala. 424, 15 So. 247; Ward v. Hood, 124 Ala. 574, 27 So. 245; McLendon v. Stough, 218 Ala. 445, 118 So. 647; Howell v. Moon, 217 Ala. 421, 116 So. 518.

The defendants' demurrer to replication 6 was sustained, and therefore the insistence that the court erred in overruling the demurrer to said replication is without merit.

The appellants' contention in support of assignments 8, 9, 10, 11, and 12, is: "The Court erred in sustaining plaintiffs' demurrers to said rejoinders, as said matters and facts set up therein were a denial in detail of the matters set up in plaintiffs' replications, and was a complete defense against plaintiffs' allegations in their replications Nos. 2, 3 and 5."

Evidence in negation or denial of the allegations of the plaintiffs' replications was admissible under the defendants' general rejoinder taking issue on the replications; therefore, if error intervened in these rulings, it was without injury. Sample v. Tennessee Valley Bank, 200 Ala. 578, 76 So. 936; Neill v. Central Nat. Bank, 201 Ala. 297, 78 So. 73.

The appellants' contention that they were entitled to the affirmative charge, because of a variance in the averments and proof, and for failure of the plaintiffs to prove substantial damages, is without merit. There was no objection to the evidence on the ground that there was a variance; nor was the attention of the court drawn to the question of variance in the request for the charge, as required by the rule of practice (Code 1923, vol. 4, p. 906, rule 34); nor was there a variance in fact. Bickley, McClure & Co. v. Porter et al., 193 Ala. 607, 69 So. 565; Ruffin Coal & Transfer Co. v. Rich, 214 Ala. 633, 108 So. 596.

If a breach of the contract was shown, and this was, under the evidence a jury question, the plaintiffs were entitled to recover nominal damages, and therefore defendants were not due the affirmative charge.

Moreover, the plaintiffs offered competent evidence going to show the cost of cutting, hauling, and delivering the timber on the ramp or in the pond at the mill would be from $3 to $3.50 per thousand, and the amount of timber remaining uncut on the land covered by the contract. Wagar Lumber Co. v. Sullivan Logging Co., 120 Ala. 558, 24 So. 949.

The mere statement in brief that the court erred in refusing charges covered by assignments of error 15 to 35 inclusive, "as each of said charges requested stated a correct proposition of law applicable to the case under the pleadings and evidence in the case," is not regarded as an insistence on these assignments, and they will be treated as waived. Western Union Tel. Co. v. Benson, 159 Ala. 254, 48 So. 712; Hodge et al. v. Rambo, 155 Ala. 175, 45 So. 678; Republic Iron & Steel Co. v. Quinton, 194 Ala. 126, 69 So. 604; Whitaker et al. v. Hofmayer Dry Goods Co., 211 Ala. 160, 99 So. 911; Georgia Cotton Co. v. Lee, 196 Ala. 599, 72 So. 158.

The evidence was in dispute on the material issue of fact, and we are unable to affirm, on the record before us, that the verdict of the jury is contrary to the great weight of the evidence, and therefore that error intervened in the ruling on the motion for a new trial. Cobb v. Malone, 92 Ala. 630, 9 So. 738.

The principles announced in Vinson et al. v. Little Bear Sawmills, 216 Ala. 441, 113 So. 385, and Southern Fuel Co. v. Southern Ry. Co., 215 Ala. 355, 110 So. 715, are not applicable to the contract in this case.

The several rulings on the admission of evidence have been examined, and we find no reversible errors in this respect.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.