147 So. 633

## BUSENLEHNER et al. v. PARSONS.
### 6 Div. 301.

Supreme Court of Alabama.
March 23, 1933.

Rehearing Denied April 27, 1933.

Paine Denson, of Birmingham, for appellants.

Harvey M. Emerson, of Birmingham, for appellee.

BOULDIN, Justice.

In a suit upon a negotiable promissory note by an indorsee, the failure to aver that he is an indorsee renders the complaint demurrable; but such count may be amended in that regard.

It is not a case where the complaint affirmatively discloses no cause of action exists, but one wherein the plaintiff does not show his ownership of the cause of action in the manner required by good pleading.

Adding by amendment, "and indorsed to this plaintiff and plaintiff is now the owner and holder of said note," met these requirements.

Such amended count was not demurrable for failure to aver the plaintiff was a holder in due course, so as to cut off defenses available against the original payee.

Defendants, however, were entitled to present, by special plea, a defense of payment, set-off, or other affirmative defense, just as if suit were brought by the payee.

On filing such plea, if plaintiff claims as a holder in due course, an indorsee for value before maturity and without notice, this should be presented by replication to the pleas. Elmore County Bank v. Avant, 189 Ala. 418, 66 So. 509.

But where, as here, the pleas aver the plaintiff acquired the note with notice of such defenses, there can be no need for special replications.

The issue is presented by the pleas when issue is joined thereon.

In the absence of a bill of exceptions setting out the evidence, and rulings on the admission of evidence, such rulings are not reviewable. Neither are rulings on the weight of the evidence.

It would hardly seem necessary to say that mere recitals of evidence and rulings thereon in a motion for new trial, with nothing to give verity to such recitals, cannot be made a substitute for a properly certified bill of exceptions showing what did occur on the trial.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.